[Nos. 34736, 34737, 34739.   Department Two.   April 23, 1959.]

THE CITY OF SEATTLE, *Respondent*, v. WALTER J. GARDNER, *Appellant*,

THE CITY OF SEATTLE, *Respondent*, v. WALTER J. GARDNER, *Appellant*,

THE CITY OF SEATTLE, *Respondent*, v. SHERRY LaCHANCE, *Appellant*.[1]

*E. K. Marohn*, for appellants.

*A. C. Van Soelen* and *Thomas J. Owens*, for respondent.

[1] Reported in 338 P. (2d) 125.

HILL, J.—The charges against appellant, Walter J. Gardner, are: (1) possession of intoxicating liquor with intent to sell; (2) permitting a person to remain on premises under his control for the purpose of committing acts of prostitution. The charge against appellant, Sherry LaChance, is offering and agreeing to commit an act of prostitution.

Following conviction in police court (Seattle) on these charges, they appealed to the superior court. Again convicted, they appeal to this court.

Seven assignments of error raise four issues, none of which has any substantial merit. We will consider them two by two.

It is urged that appellants did not expressly and knowingly waive a jury trial, and that their cases should not have been consolidated for trial. The waiver was made by their then (but not present) attorney, who also stipulated for a consolidation of the cases which arose out of a single, vice-squad raid on premises under the control of the appellant, Walter J. Gardner.

■ The consolidation was clearly within the discretion of the trial court. See RCW 10.37.060, and *State v. Mason* (1953), 41 Wn. (2d) 746, 252 P. (2d) 298, which involved a joinder of three informations for trial over the objection of the defendants.

■ A jury trial may be waived by a defendant in a noncapital criminal case (RCW 10.01.060). The authority of a defendant's attorney to make such a waiver will be presumed in the absence of a showing to the contrary.

No such showing is attempted here. Nowhere in the record do these defendants sign or say anything that would indicate that their trial counsel did not have such authority. Their counsel on this appeal takes the position that a defendant must in open court, and personally, advise the trial judge that he waives a jury trial.

■ We cannot agree that the presumption of the authority of a defendant's trial counsel to waive a jury trial can be overcome by a purely negative showing that the record fails to show that the defendant personally advised the court of such a waiver.

It is urged that the evidence did not establish the guilt on each charge beyond a reasonable doubt, and that "The court erred in admitting a sheet of paper to prove prior convictions." The appellants presented no evidence in support of their plea of not guilty. The evidence against them was, to use the trial court's word for it, "overwhelming." There was no attempt to introduce prior convictions into evidence during the trial. The prior convictions of the appellants, Gardner and LaChance, were brought to the trial court's attention solely for consideration in determining the sentence to be imposed.

It would seem to need no citation of authority to support the proposition that a court, in passing sentence upon a convicted person, may take into consideration other offenses committed by the same person. (See Annotation in 134 A. L. R., beginning at page 1267.) It also appears from the record that trial counsel for appellants, when asked by the court if he had any objection to the court receiving the list of convictions, said, "Yes, I have seen that. I have no objection."

The judgment of conviction on each of the consolidated cases is affirmed.

WEAVER, C. J., FINLEY, ROSELLINI, and FOSTER, JJ., concur.