[Nos. 1967–3; 2237–3.   Division Three.   April 4, 1977.]

THE STATE OF WASHINGTON, *Respondent,* v. DONALD D. JONES, *Appellant.*

*In the Matter of the Personal Restraint of* DONALD D. JONES, *Petitioner.*

*Kenneth K. Watts* and *David W. Henault,* for appellant (appointed counsel for appeal).

*Philip W. Borst, Prosecuting Attorney,* for respondent.

McINTURFF, J.—Donald D. Jones appeals his conviction of grand larceny by possession of stolen property.[1] A personal restraint petition filed in this court pursuant to RAP 16.3(c) has been combined with the appeal for expeditious disposition. We reverse Mr. Jones' conviction, for failure of

---

[1] RCW 9.54.010(5).

the record to reflect his waiver of right to trial by jury. The cause is remanded for new trial.

Facts show that Lincoln County Sheriff officers secured oral permission from Mr. Jones to search his outbuildings. During the search, stolen property was found and seized, including a disassembled winch and cultivator parts. Trial was to the court. The State sought to prove theft through complaining witness testimony identifying the property. In his own behalf, Mr. Jones volunteered a statement declaring his lack of criminal intent. At the conclusion of evidence, the court entered findings. Mr. Jones was found guilty and placed on 1-year probation.

Mr. Jones argues abridgement of his Sixth Amendment right to trial by jury.[2] The controlling standard in this inquiry is CrR 6.1(a) which provides:

> Cases required to be tried by jury shall be so tried unless the defendant files a written waiver of a jury trial, and has consent of the court.

Looking to the words of this rule, their meaning is clear and unambiguous, leaving no room for interpretation. The right to trial by jury may be waived only when the defendant has filed a written waiver. But our examination of the record fails to disclose a written jury waiver filed by Mr. Jones pursuant to CrR 6.1(a). Such waiver cannot be presumed from silence, nor from the fact that trial was to the court sitting without jury.

As a written record of jury waiver, the State points to a recital preceding the court's findings of fact and conclusions of law.

> The above entitled and numbered cause came on regularly for trial on the 15th day of October, 1975, before the court, the *defendant having waived his right to a jury;*
> . . .

Though this recital imports absolute verity of matters transpiring in the presence of the court, the recital is still not a written waiver filed by Mr. Jones, as required by CrR

---

[2]RCW 10.01.060; U.S. Const. amend. 6; Const. art. 1, §§ 21, 22.

6.1(a).[3] Though the court's recital would be sufficient record of a jury waiver before the advent of CrR 6.1(a), that day has passed.[4]

Further, because waiver procedure has been changed, remand for an evidentiary hearing and entry of findings upon jury waiver is no longer an adequate disposition on appeal.[5] The court's filing of a finding of jury waiver would again fail to meet the standard of CrR 6.1(a) which requires a written waiver be filed only by the defendant.

The State has attempted on oral argument to distinguish application of CrR 6.1(a) from present circumstances. Emphasis is placed upon the first phrase of that rule, "cases required to be tried by jury shall be so tried unless . . ." The State argues that only capital cases are those required to be so tried, citing RCW 10.01.060[6] which makes a jury mandatory in capital cases. Because we are here concerned with larceny, a noncapital offense, it is contended the rule requirement of written jury waiver is inapplicable.

A closer analysis of this argument shows it to be too narrow, leading to an irreconcilable conflict between CrR 6.1(a) and RCW 10.01.060. True, the rule and statute might both be construed as applying only in capital cases, but the rule specifically authorizes jury waiver, whereas the statute specifically prohibits jury waiver. In the face of this conflict, we

---

[3]*Dux v. Hostetter,* 37 Wn.2d 550, 552, 225 P.2d 210 (1950); *State v. Cimini,* 53 Wash. 268, 271, 101 P. 891 (1909).

[4]*See Scruggs v. Rhay,* 70 Wn.2d 755, 763, 425 P.2d 364 (1967); *Little v. Rhay,* 8 Wn. App. 725, 729, 509 P.2d 92 (1973).

[5]*See Scruggs v. Rhay,* 70 Wn.2d 755, 763, 425 P.2d 364 (1967); *Little v. Rhay,* 8 Wn. App. 725, 729, 509 P.2d 92 (1973).

[6]RCW 10.01.060 states: "Conviction—Requisites—Waiver of jury trial. No person informed against or indicted for a crime shall be convicted thereof, unless by admitting the truth of the charge in his plea, by confession in open court, or by the verdict of a jury, accepted and recorded by the court: *Provided however,* That except in capital cases, where the person informed against or indicted for a crime is represented by counsel, such person may, with the assent of the court, waive trial by jury and submit to trial by the court."

264

conclude the rule and statute speak to different situations, so as to give full effect to both.

CrR 6.1(a) is a mandate to the courts of Washington to observe each person's inviolable right to trial by jury in any criminal prosecution, whether capital or noncapital. No court may abridge that individual right without specific waiver. In contrast RCW 10.01.060 is a narrowly drawn statute prohibiting jury waiver only in capital cases.[7]

Judgment is reversed and the cause remanded for new trial. Having reached this decision, it is unnecessary to further examine remaining assignments of error. Should Mr. Jones now elect to waive his right to trial by jury, such waiver must conform with CrR 6.1(a), with court consent also appearing of record.

Judgment of the Superior Court is reversed.

MUNSON, C.J., and GREEN, J., concur.

---

[7]*State v. Ferrick*, 81 Wn.2d 942, 945, 506 P.2d 860 (1973).