[No. 2019-3. Division Three. February 2, 1978.]

THE STATE OF WASHINGTON, *Respondent*, v. ERNEST GEORGE WICKE, *Appellant*.

---

[5]The remainder of this opinion will not be published as it is not precedential.

Richard L. Cease, Public Defender, and Richard F. Ayres, Jr., Assistant, for appellant.

Donald C. Brockett, Prosecuting Attorney, and Vernon W. Harkins, Deputy, for respondent.

McINTURFF, J.—Ernest G. Wicke appeals his conviction for driving while intoxicated. The sole issue presented by this appeal is whether CrR 6.1(a) requires a written waiver of a jury in a superior court trial de novo where the defendant was originally charged by a complaint in district court.

Ernest Wicke was charged by complaint in Spokane District Court with driving while under the influence of intoxicating liquor or drugs (hereafter DWI). He was found guilty and sentenced to 90 days in jail. An appeal was taken, and after a trial de novo, he was convicted. The waiver of jury

was not in writing, but was by oral stipulation of his counsel. Although Mr. Wicke was present, the judge did not ascertain from him whether he waived his right to a jury.

█ CrR 6.1(a) provides: "Cases required to be tried by jury shall be so tried unless the defendant files a written waiver of a jury trial, and has consent of the court." Neither a recital of waiver by the court or counsel, nor entry of formal findings will substitute for the written waiver required by the above rule. *State v. Jones,* 17 Wn. App. 261, 562 P.2d 283 (1977). The prosecutor contends, however, that CrR 6.1(a) is inapplicable here because this case was not "required to be tried by jury". The prosecutor relies on RCW 10.01.060 which provides:

> No person informed against or indicted for a crime shall be convicted thereof, unless by admitting the truth of the charge in his plea, by confession in open court, or by the verdict of a jury, accepted and recorded by the court: *Provided however,* That except in capital cases, where the person informed against or indicted for a crime is represented by counsel, such person may, with the assent of the court, waive trial by jury and submit to trial by the court.

On the basis of this statute, the prosecutor contends the written waiver requirements of CrR 6.1(a) are inapplicable because that rule only applies to cases brought by indictment or information indicating an original exercise of superior court jurisdiction. We do not accept the prosecutor's contentions.

CrR 6.1(a) establishes a general right to trial by jury. *State v. Jones, supra; Criminal Rules Task Force to the Washington Judicial Council, Washington Proposed Rules of Criminal Procedure* (1971), comment to rule 6.1. On the other hand, RCW 10.01.060 is a narrowly drawn statute prohibiting jury waiver only in capital cases. *State v. Jones, supra* at 264. On appeal from district court to superior court, trial is de novo. *See State v. Miller,* 59 Wn.2d 27, 365 P.2d 612 (1961). The proceedings in the superior court are then as if originally commenced there. *Seattle v. Crockett,* 87 Wn.2d 253, 256, 551 P.2d 740 (1976); *State v. Buckman,*

51 Wn.2d 827, 322 P.2d 881 (1958). Accordingly, a person tried de novo in superior court on appeal from a district court conviction has a right to a jury trial. *See Bellingham v. Hite,* 37 Wn.2d 652, 225 P.2d 895 (1950). In *Hite* the court held the right to trial by jury in a prosecution for DWI was not denied by a statute giving a police judge jurisdiction to try the case without a jury because any person convicted was entitled to appeal to the superior court for a trial de novo where there was a right to trial by jury.[1]

In addition, since under RCW 46.61.515 DWI is punishable by up to 1 year in jail, a defendant is entitled to a trial by jury under the Fourteenth Amendment. *Baldwin v. New York,* 399 U.S. 66, 26 L. Ed. 2d 437, 90 S. Ct. 1886 (1970). Therefore, a prosecution for DWI is a "case required to be tried by jury" within the meaning of CrR 6.1(a), and under *State v. Jones, supra,* a waiver of jury trial must be in writing to be effective.

Judgment of the Superior Court is reversed and this case is remanded for new trial.

MUNSON, C.J., and GREEN, J., concur.

Petition for rehearing denied February 27, 1978.

Review granted by Supreme Court July 21, 1978.

---

[1]*See Rothweiler v. Superior Court,* 100 Ariz. 37, 410 P.2d 479 (1966), where, in a DWI prosecution, a defendant was held to be entitled under the Arizona Constitution and statutes to a jury trial in both city court and in trial de novo on appeal to superior court. Also in *Hardy v. State,* 279 Md. 489, 369 A.2d 1043 (1977), it was held a defendant is entitled under Maryland statutes and common law to a jury trial in both district court and in trial de novo on appeal to superior court.