[No. 2828–3.   Division Three.   June 13, 1978.]

*In the Matter of the Personal Restraint of*
JOHN HENRY REESE, *Petitioner.*

*John Henry Reese,* pro se.

*Donald C. Brockett, Prosecuting Attorney,* and *LeRoy Kinnie, Deputy,* for respondent.

MUNSON, C.J.—John Henry Reese seeks relief from personal restraint imposed by conviction for the abduction of a girl under the age of 18. Mr. Reese's conviction was affirmed by this court in *State v. Reese,* 12 Wn. App. 407, 529 P.2d 1119 (1974). Mr. Reese has unsuccessfully attacked this conviction in numerous other post–conviction proceedings. In this petition, he contends he did not validly waive his right to jury trial within the terms of CrR 6.1(a).[1] We dismiss the petition, holding there was substantial compliance with CrR 6.1(a).

The prosecutor does not refute Mr. Reese's allegations concerning lack of written waiver, but has submitted a report of proceedings showing the court personally inquired

---

[1]CrR 6.1(a) states:

"Cases required to be tried by jury shall be so tried unless the defendant files a written waiver of a jury trial, and has consent of the court."

of Mr. Reese as to whether he wished to waive his right to jury trial and informed him of the ramifications of his waiver.[2] This court has previously held a waiver of jury trial must be in writing under CrR 6.1(a). *State v. Wicke,* 19 Wn. App. 206, 574 P.2d 407 (1978). *State v. Jones,* 17 Wn. App. 261, 562 P.2d 283 (1977). In *Jones,* the trial court's findings of fact and conclusions of law stated the defendant had waived his right to a jury trial. We held the recital was not sufficient to comply with CrR 6.1(a). In *State v. Wicke, supra,* the attempted waiver of jury was by oral stipulation of defense counsel. Although Mr. Wicke was present, the court failed to ascertain from him whether he waived his right to a jury.

■ The present case, however, is distinguishable from both *Wicke* and *Jones* in that the court here personally inquired of Mr. Reese as to whether he wished to waive his right to a jury trial. A similar situation was considered in

---

[2] "THE COURT: Now, as I understand, it has been agreed that the matter will proceed without a jury and a trial to the Court. MR. STILEY: That is correct, your Honor. THE COURT: Does Mr. Reese appreciate the— MR. STILEY: Mr. Reese and I have discussed it, your Honor, and he has indicated that he wishes to waive jury trial in this matter. THE COURT: I think he should probably waive it in the record. I will question Mr. Reese about the matter.

MR. REESE WAS INTERROGATED

"BY THE COURT:

"Q. Mr. Reese, you are no doubt aware of the matter which you are faced with here is a serious one. It is a felony. Under the laws of this State it carries with it a possible sentence to a State institution, and one of your constitutional rights is a right to a trial by jury. Before you can be convicted all 12 jurors have to agree that the evidence proved beyond a reasonable doubt that you committed the crime as charged. Of course, if it is tried to me, without a jury, the same burden of proof arises, and that is I must be convinced beyond a reasonable doubt before I can find you guilty and that you have committed the crime. But it is just one person to convince rather than 12 and you do waive a substantial right. *Now, I am not saying that it is a mistake to waive it, but it is something that you ought to appreciate the consequences of. Is it your wish to proceed in this matter on a trial to the Court only?* A. *Yes, your Honor.* Q. *You have thought this over?* A. *Yes, I have.* Q. And you have had Mr. Stiley's advice on it? A. Yes. Q. What is your educational background, Mr. Reese, how far did you go in school? A. Tenth . . . Q. Tenth grade. How old are you? A. 29 . . . Q. *But in any case, you feel you understand what the question is here, and that you are fully cognizant of all of your rights in making this decision?* A. (*Witness nods assent.*)" (Italics ours.)

*United States v. McCurdy,* 450 F.2d 282, 283 (9th Cir. 1971), and we adopt the decisional portion thereof:

> In United States v. Guerrero–Peralta, 446 F.2d 876 (9th Cir., 1971), this court recently considered the requirements for a valid waiver of jury trial under Rule 23. [Contains almost exactly the same language as CrR 6.1(a).] There we held that a twelve–member jury could not be waived by a stipulation of counsel, the defendant being present but silent. Rule 23(b). We noted that the purpose of a writing under Rule 23 is to provide "the best record evidence of the *express* consent of a defendant." (Emphasis in the original.) [*See State v. Wicke, supra,* and *State v. Jones, supra.*] We then stated: "Express consent given orally by the defendant personally and appearing on the record may be equally good evidence, but that much, as a minimum, must appear." P. 877.
>
> Ideally, counsel in the present case would have called to the attention of the trial judge the provisions of Rule 23, and McCurdy's signature on the appropriate form would have been obtained. However, there was an intelligent, knowing, and express waiver by the defendant in open court, with the consent of both counsel, and with the approval of the trial judge given after appropriate questioning of the defendant. Where such a waiver is spread upon the record we hold that there has been compliance with Rule 23(a).

We hold this record complies with CrR 6.1(a). It evidences that defendant intelligently, knowingly and expressly waived his right to trial by jury.

The petition is dismissed.

GREEN and McINTURFF, JJ., concur.