[Nos. 45470, 45620.  En Banc.  March 1, 1979.]

THE STATE OF WASHINGTON, *Petitioner,* v. ERNEST GEORGE WICKE, *Respondent.*

*In the Matter of the Personal Restraint of* JOHN HENRY REESE, *Petitioner.*

*John Henry Reese,* pro se.

*Donald C. Brockett, Prosecuting Attorney,* and LeRoy C. Kinnie, *William T. Gissberg* and *Mark Casey, Deputies,* for petitioner State.

*Richard L. Cease, Public· Defender,* and *Richard F. Ayres, Jr., Assistant,* for respondent.

*Sally Harrison* and *Wayne Lieb* on behalf of Institutional Legal Services Project, amici curiae.

HICKS, J.—We granted petitions for discretionary review of two decisions of the Court of Appeals, Division Three, relating to waivers of jury trials under CrR 6.1(a). In *State v. Wicke,* 19 Wn. App. 206, 574 P.2d 407 (1978), the prosecutor sought review of a decision reversing a superior court driving while intoxicated (DWI) conviction. The Court of Appeals reversed for failure to obtain a written waiver of a jury trial pursuant to CrR 6.1(a) prior to the trial de novo in Superior Court. *In re Reese,* 20 Wn. App. 441, 580 P.2d 272 (1978), involves dismissal of a personal restraint petition alleging failure to comply with CrR 6.1(a). The two appeals were consolidated pursuant to RAP 3.3(b). We concur with the results of the Court of Appeals in both instances.

As the cases came to this court, we viewed the issues as follows:

1. Is the issue of noncompliance with the written waiver requirement of CrR 6.1(a) precluded from appellate review because the claim of error was not raised at the trial court level?

2. Assuming the compliance issue is properly before this court:

    a. Does CrR 6.1(a) apply to a superior court trial de novo based on an appeal taken from a district court complaint and conviction? *State v. Wicke, supra.*

    b. Is the written waiver requirement of CrR 6.1(a) satisfied by "substantial compliance"? *In re Reese, supra.*

An additional issue arose as a result of questions from the bench at oral argument before this court—the validity of a waiver of a fundamental constitutional right.

In April 1976, after pleading technically not guilty to a DWI complaint in Spokane District Court, Ernest G. Wicke was found guilty and sentenced to 90 days in jail. He appealed to Superior Court. At the trial de novo, Wicke's counsel waived a jury trial by oral stipulation as Wicke stood beside him in open court. No written waiver was filed by the defendant, as contemplated under CrR 6.1(a). The trial judge did not question Wicke as to his concurrence in the waiver nor ascertain whether Wicke had discussed the matter with his counsel. Wicke was again found guilty. Represented by new counsel (Spokane County Public Defender), he appealed to the Court of Appeals on the sole ground of noncompliance with CrR 6.1(a).

The Court of Appeals held that a trial de novo in superior court, on appeal from a district court conviction, is a case "required to be tried by jury"; therefore, the written waiver requirement of CrR 6.1(a) applied. The court further held in *Wicke* at page 208:

> Neither a recital of waiver by the court or counsel, nor entry of formal findings will substitute for the written waiver required by [CrR 6.1(a)]. *State v. Jones,* 17 Wn. App. 261, 562 P.2d 283 (1977).

The case was reversed and remanded.

*In re Reese, supra,* concerns a man found guilty of abduction following a nonjury trial in Spokane County Superior Court in 1973. The conviction was affirmed on appeal. *State v. Reese,* 12 Wn. App. 407, 529 P.2d 1119 (1974). Presently confined at the Washington State Penitentiary, Reese filed a pro se personal restraint petition with the Court of Appeals. He alleged he had not waived his right to a jury trial in writing, contrary to CrR 6.1(a). Reese had not raised this issue either in his 1974 appeal or in several previous personal restraint petitions which he brought thereafter.

The Court of Appeals dismissed Reese's latest pro se petition and held that there had been "substantial compliance" with CrR 6.1(a) in the trial court. *Wicke* was distinguished on a factual basis—the court citing the extensive colloquy between the trial judge and Reese concerning the ramifications of waiving a jury trial. *In re Reese, supra* at 442 n.2. We granted discretionary review in both cases. Institutional Legal Services was requested to represent Reese.

■ At the outset, because of the injection of constitutional considerations, we distinguish between the right to a jury trial in a criminal case and the evidentiary requirement that a waiver of that right be in writing. The former is constitutionally protected (U.S. Const. amend. 6; Const. art. 1, § 21), while the latter does not reach constitutional magnitude. With the adoption of CrR 6.1(a), this court placed upon trial judges the duty of obtaining written waivers of jury trials. The rule provides:

> Cases required to be tried by jury shall be so tried unless the defendant files a written waiver of a jury trial, and has consent of the court.

The purpose of the written waiver requirement is to guard against silent waivers of jury trials. *Criminal Rules Task Force to the Washington Judicial Council, Washington Proposed Rules of Criminal Procedure* (1971), specific comments to rule 6.1, at page 95. Albeit an important procedural safeguard, the requirement is not constitutionally mandated. It is in light of this distinction that we examine the effect of failure to raise the issue of noncompliance with CrR 6.1(a) at the trial court.

■ In order to preserve error for consideration on appeal, the general rule is that the alleged error must be called to the trial court's attention at a time that will afford the court an opportunity to correct it. *State v. Fagalde,* 85 Wn.2d 730, 539 P.2d 86 (1975). Ideally, this will be done during the course of trial, but the error may be raised in a motion for a new trial. *Seattle v. Harclaon,* 56 Wn.2d 596, 354 P.2d 928 (1960). Under most circumstances, we are

simply unwilling to permit a defendant to go to trial before a trier of fact acceptable to him, speculate on the outcome and after receiving an adverse result, claim error for the first time on appeal which, assuming it exists, could have been cured or otherwise ameliorated by the trial court. *State v. Perry,* 24 Wn.2d 764, 167 P.2d 173 (1946). Even an alleged violation of such an important policy rule as CrR 3.3, our speedy trial rule, is subject to waiver if not raised timely. *State v. Williams,* 85 Wn.2d 29, 530 P.2d 225 (1975).

In *Wicke,* the failure to comply with CrR 6.1(a) was raised for the first time on appeal. Reese presented this alleged error after an appeal and several personal restraint petitions had been decided adversely to him. In Wicke's case, had CrR 6.1(a) been brought to the trial court's attention as late as a motion for a new trial, valuable appellate court time could have been conserved.

■ Momentarily reserving the issue of preservation of error, we address the matter of the application of CrR 6.1(a). In *Wicke,* the prosecutor suggests that a trial de novo on a criminal appeal from district court does not fall within the ambit of a "case required to be tried by jury" under CrR 6.1(a). He emphasizes that the case originated in district court where the applicable rules require a jury to be affirmatively demanded to avoid waiver. JCrR 4.07(a). Citing RCW 10.01.060, the prosecutor contends that a jury trial appears to be required only when a defendant is "informed against" or "indicted for" a crime. It is argued that, because this is an appeal from a district court action which is instituted by complaint and not brought by information or indictment, the case is not one "required to be tried by jury." Finally, the prosecutor argues that simply by appealing from district court, a defendant should obtain no greater right than he had in that court—*i.e.,* a jury must be demanded or it is waived. JCrR 4.07.

While we find this argument intriguing, it was rejected by the Court of Appeals and we are inclined to reject it as well. For the reasons related by the Court of Appeals in *State v.*

*Wicke, supra* at 208–09, we would agree that a trial de novo in superior court on a criminal appeal from district court is a case "required to be tried by jury." We do not agree, however, that failure to comply with the written waiver requirement of CrR 6.1(a) demands the sanction of reversal as a matter of course.

The sole issue advanced by Wicke in his brief on appeal was failure to comply with CrR 6.1(a), a procedural rule that prescribes the manner in which the waiver of trial by jury shall be evidenced. He did not challenge the competency of his counsel at trial. He did not claim that he did not agree with his counsel that a jury should be waived or that he had not authorized his counsel to waive a jury trial. *See Seattle v. Gardner,* 54 Wn.2d 112, 113, 338 P.2d 125 (1959). Absent a showing of prejudice, we do not believe that Wicke's objection based upon the evidentiary requirement of CrR 6.1(a), raised for the first time on appeal, warrants reversal of the trial court conviction. Nevertheless, we must sustain the judgment of the Court of Appeals based on constitutional requirements because the present record is inadequate under current United States Supreme Court standards to demonstrate a valid waiver of the constitutional right to a jury trial.

In response to questions from the bench, Wicke's counsel asserted that waiver of a fundamental right to trial by jury is personal to the defendant and cannot be effected by counsel, even though a stipulation is made in defendant's presence in open court. He argued that only the defendant can validly waive the constitutional right to a jury trial in a criminal case.

In *Seattle v. Gardner, supra,* this precise issue was before the court and rejected. In *Gardner* we placed the burden on the defendant to make a showing that his counsel was unauthorized to waive a jury trial. The *Gardner* presumption that counsel is deemed authorized to waive a jury trial absent a showing to the contrary may be questioned in light of subsequent United States Supreme Court

pronouncements. In examining a claimed waiver by a criminal defendant of a right constitutionally guaranteed to protect a fair trial, it would seem that every reasonable presumption should be indulged against the waiver of such a right, absent an adequate record to the contrary. As early as 1882, such a principle was stated to be applicable in a civil case. *Hodges v. Easton,* 106 U.S. 408, 412, 27 L. Ed. 169, 1 S. Ct. 307 (1882). Further, the burden to establish a valid waiver is upon the prosecution. *Boykin v. Alabama,* 395 U.S. 238, 242, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969). For a general discussion, *see Schneckloth v. Bustamonte,* 412 U.S. 218, 235–46, 36 L. Ed. 2d 854, 93 S. Ct. 2041 (1973).

Consequently, although we may deem it implicit that Wicke validly waived his right to a trial by jury, the record we have before us does not demonstrate this fact to the extent of the constitutional standard seemingly demanded by the United States Supreme Court and assuredly demanded in other jurisdictions. *See, e.g., Rice v. People,* 193 Colo. 270, 565 P.2d 940 (1977); *Krueger v. State,* 84 Wis. 2d 272, 267 N.W.2d 602 (1978).

Because this is an uncomplicated DWI case, rather than remanding for a reference hearing to determine if a sufficient standard of proof might be forthcoming to establish a valid jury waiver, the practical disposition is to concur with the Court of Appeals and remand for a new trial.

■ Finally, we address the validity of the waiver in *In re Reese, supra.* Because the requirement that jury waivers be evidenced in writing is not of constitutional magnitude, we question whether the error asserted by Reese is sufficient to establish the unlawful nature of his restraint for purposes of a personal restraint petition. *See* RAP 16.4. Certainly, the claimed error is well within the rule that an issue not reaching constitutional dimension may not be employed to collaterally attack a conviction when it could have been raised on appeal, but was not. *In re Myers,* 91 Wn.2d 120, 587 P.2d 532 (1978).

■ In any event, we agree with the Court of Appeals that the extensive colloquy between Reese and the trial judge constituted substantial compliance with CrR 6.1(a). We hold that such a record satisfies CrR 6.1(a). We further agree with the Court of Appeals that Reese "intelligently, knowingly and expressly waived his right to trial by jury", and the constitutional requirement for waiver of a jury trial was fully met. *State v. Forza,* 70 Wn.2d 69, 422 P.2d 475 (1966).

As with all procedural rules adopted by this court, we expect compliance with CrR 6.1(a). In light of *In re Reese, supra,* it would seem to be good practice to get the defendant's statement on the record in open court that it is his desire to waive a jury trial, even when CrR 6.1(a) has been followed. On those occasions when the rule is inadvertently overlooked, however, it is counsel's obligation to bring the matter to the attention of the trial court if that particular error is to be preserved for use on appeal.

*State v. Wicke,* 19 Wn. App. 206, 574 P.2d 407 (1978), is affirmed for the reasons stated herein.

*In re Reese,* 20 Wn. App. 441, 580 P.2d 272 (1978), is affirmed.

UTTER, C.J., and STAFFORD, WRIGHT, BRACHTENBACH, HOROWITZ, and DOLLIVER, JJ., concur.

ROSELLINI, J., concurs in the result.