[No. 3099–2.   Division Two.   July 10, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. GARY
WILLIAMS, ET AL, *Appellants.*

*Richard L. Shaneyfelt,* for appellants (appointed counsel for appeal).

*William E. Howard, Prosecuting Attorney,* for respondent.

PEARSON, C.J.—Gary Lee Williams and Calvin Williams were convicted in Jefferson County District Court of unlawful possession of shellfish, in violation of WAC 220–56–040. Both brothers appealed to Superior Court, where their convictions were affirmed after a trial de novo.

They contend for the first time on appeal that the state courts lacked jurisdiction over the land on which they were arrested and that the oral waiver of a jury by their trial counsel was ineffective as a waiver of defendants' right to a jury trial. Generally, appellate courts will not review any claim of error not argued to the trial court, but lack of jurisdiction or manifest error affecting a constitutional right, such as the right to a jury trial, may be raised for the first time on appeal. RAP 2.5(a)(1) and (3).

The facts are not disputed. Shortly after midnight on December 10, 1976, defendants were found digging clams on the state tidelands of Indian Island. They had over 100 pounds of clams when arrested. WAC 220–56–040 provides in pertinent part:

It shall be unlawful for any person to take in any one day or possess for personal use at any one time more than the following quantities and sizes of shellfish:

(1) Cockles, borers and clams in the shell, except razor clams, geoduck clams and horse clams.

(a) All areas except Willapa Bay, seven pounds in the aggregate not to exceed a count of forty clams.

Defendants contend that the state courts of Washington had no jurisdiction over their case, on the ground that the United States accepted exclusive jurisdiction over the island in 1941. Indian Island became a federal ammunition storage facility on May 20, 1941, through a condemnation

proceeding. The Secretary of the Navy issued a letter of acceptance on behalf of the United States government. The letter, which was admitted into evidence in the trial court, stated:

> These lands were acquired for use in connection with the establishment of additional ammunition storage facilities on Indian Island . . .

Article 1, section 8, clause 17, of the United States Constitution specifically provides for exclusive federal jurisdiction over such property as may

> by cession of particular states, and the acceptance of congress, become the seat of the government of the United States, *and to exercise like authority over all places purchased by the consent of the legislature of the state in which the same shall be, for the erection of forts, magazines, arsenals, dock yards,* and other needful buildings . . .

(Italics ours.) Under this clause, the state's power to cede jurisdiction is limited to those instances where it clearly appears that the land is to be used by the United States for a constitutional or any governmental purpose. *Ryan v. State,* 188 Wash. 115, 61 P.2d 1276 (1936). From this basic principle, four rules have evolved:

> (1) When the land is acquired for one of the purposes within Art. I, § 8, clause 17, by purchase with consent of the state, Federal jurisdiction is exclusive in such area for all purposes; (2) *when the land is acquired for one of the purposes within that clause, but other than by purchase with the consent of the state, then Federal jurisdiction is exclusive only to the extent of the purposes for which the land is held;* (3) when the land is acquired for a purpose not within that clause, but by purchase with the consent of the state, then the United States has such jurisdiction over the land as may be ceded to it by the state; and (4) when the land is acquired for a purpose not within that clause, in any manner other than by purchase with the consent of the state, then the United States holds the land just as any other proprietor does, except that the land may not be taxed by the state.

(Italics ours.) *Ryan v. State, supra* at 126–27.

■  Thus, the method of acquisition of state land by the United States determines the extent of federal jurisdiction over such land. Since Indian Island was acquired by condemnation rather than by purchase, federal jurisdiction over the island is exclusive only for the stated federal purpose of "establishing additional ammunition storage facilities," and not for purposes of managing shellfish.

Any area within the boundary of a state which is not subject to the exclusive jurisdiction of the federal government is subject to the jurisdiction of the state. *See* RCW 37.04.030; *State v. Antoine,* 82 Wn.2d 440, 511 P.2d 1351 (1973), *rev'd on other grounds,* 420 U.S. 194, 43 L. Ed. 2d 129, 95 S. Ct. 944 (1975). Therefore, the State properly exercised jurisdiction over the Williams brothers for this violation of state law.

The second argument advanced by defendants is that their right to a jury trial was denied without an effective waiver. Defense counsel orally requested permission to waive a jury at the outset of trial de novo, and the trial court granted this request without addressing defendants personally.

■■  A trial de novo in superior court on a criminal appeal from district court is a case "required to be tried by jury" under CrR 6.1(a). *State v. Wicke,* 19 Wn. App. 206, 574 P.2d 407 (1978), *aff'd,* 91 Wn.2d 638, 591 P.2d 452 (1979). *State v. Jones,* 17 Wn. App. 261, 562 P.2d 283 (1977) held that a criminal defendant's right to trial by jury is not waived unless a written waiver is filed by defendant himself. *In re Reese,* 20 Wn. App. 441, 580 P.2d 272 (1978) softened the rule in holding that an express and open waiver of jury trial in open court and appearing in the record constitutes substantial compliance with CrR 6.1(a). This interpretation was upheld by our Supreme Court following a consolidated appeal in *State v. Wicke,* 91 Wn.2d 638, 591 P.2d 452 (1979). Under the present state of the law, where there is no written waiver of a jury trial, substantial compliance with CrR 6.1(a) requires some colloquy between the court and the defendant personally. *See State*

*v. Wicke, supra; Boykin v. Alabama,* 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969). The absence of such a colloquy in the record of the present case dictates reversal of the convictions. As stated in *State v. Wicke, supra* at 644:

Absent a showing of prejudice, we do not believe that Wicke's objection based upon the evidentiary requirement of CrR 6.1(a), raised for the first time on appeal, warrants reversal of the trial court conviction. Nevertheless, we must sustain the judgment of the Court of Appeals based on constitutional requirements because the present record is inadequate under current United States Supreme Court standards to demonstrate a valid waiver of the constitutional right to a jury trial.

We reverse and remand for a new trial.

PETRIE and REED, JJ., concur.