[No. 11676–2–I.   Division One.   November 28, 1983.]

THE STATE OF WASHINGTON, *Respondent*, v. DONALD E. DOWNS, *Appellant*.

*Alan Corner,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Greg Hubbard, Deputy,* for respondent.

DURHAM, A.C.J.—Donald Downs appeals his conviction of five counts of statutory rape on the basis that he did not effectively waive his constitutional right to trial by jury.

At a pretrial hearing held on November 12, 1981, Downs waived his right to an omnibus hearing, and signed a form waiving his right to trial within 90 days. Downs and his attorney also signed a printed form stating that Downs consented to be tried without a jury. It does not appear that the trial judge orally apprised Downs of his right to a jury trial or of the consequences of its waiver.

Downs argues that he did not effectively waive his right to a jury trial despite having signed the printed consent form. He contends that signing the form does not conclusively establish a waiver, and that other evidence indicates that his waiver was neither knowing, voluntary nor intelligent. Specifically, Downs points to his lack of prior contact with the judicial system and the absence of any colloquy with the trial judge regarding his right to a jury trial and the significance of its waiver.

CrR 6.1(a)[1] requires a written waiver of a defendant's right to a jury trial. Although the purpose of the rule is to guard against silent waivers, *see State v. Wicke,* 91 Wn.2d 638, 642, 591 P.2d 452 (1979), its function is purely evidentiary. Compliance with the writing requirement and compliance with constitutional waiver standards are logically distinct issues. *Wicke,* at 645. Accordingly, Washington courts have consistently held that a constitutionally effective waiver of the right to a jury trial may exist despite noncompliance with CrR 6.1(a), so long as other evidence shows that the waiver was knowing, voluntary and intelligent. *See Wicke,* at 646; *State v. Harper,* 33 Wn. App. 507, 509, 655 P.2d 1199 (1982). Thus, Downs is correct in asserting that compliance with CrR 6.1 does not *necessarily* establish an effective waiver.

---

[1]CrR 6.1 reads in pertinent part:

"**(a) Trial by Jury.** Cases required to be tried by jury shall be so tried unless the defendant files a written waiver of a jury trial, and has consent of the court."

Downs goes further, however, and contends that a colloquy between the defendant and the trial judge is necessary in addition to a written waiver. This issue has never been addressed directly in Washington. Generally, the determination of a knowing, intelligent and voluntary waiver depends on all the facts and circumstances, including the experience and capabilities of the accused. *Johnson v. Zerbst,* 304 U.S. 458, 464, 82 L. Ed. 1461, 58 S. Ct. 1019, 146 A.L.R. 357 (1938); *State v. Likakur,* 26 Wn. App. 297, 303, 613 P.2d 156 (1980). Thus, although a writing cannot be regarded as conclusive, it is certainly strong evidence that the accused effectively waived his right to a jury trial. Indeed, the purpose of the writing requirement is to ensure that a waiver is knowing, voluntary and intelligent. *Wicke,* at 642; *State v. Bray,* 23 Wn. App. 117, 122, 594 P.2d 1363 (1979).[2]

The absence of an affirmative duty to engage in colloquy with the defendant is supported by *State v. Likakur, supra.* There, the Court of Appeals held that, absent circumstances that initially raise a question regarding the defendant's capacity to waive a jury trial, the trial court need not conduct an independent inquiry on that issue prior to accepting waiver. *Likakur,* at 300–01. Although a defendant's *capacity* to waive and the determination that his waiver is *actually* knowing, intelligent and voluntary are separate questions, *Likakur* strongly suggests that the trial court is under no duty to engage in colloquy with the defendant if a written waiver is present.

Federal courts that have considered this issue have unanimously concluded that colloquy is not constitutionally required if there is a written waiver. *See United States v. Anderson,* 704 F.2d 117 (3d Cir. 1983); *United States v. Martin,* 704 F.2d 267 (6th Cir. 1983); *United States v.*

---

[2]Fed. R. Crim. P. 23(a), which imposes a writing requirement almost identical to CrR 6.1(a), "is designed to impress the defendant with the gravity of the right relinquished and provide *the best evidence* of the defendant's voluntary consent." (Italics ours.) *United States v. Martin,* 704 F.2d 267, 271 (6th Cir. 1983).

*Scott,* 583 F.2d 362 (7th Cir. 1978).[3] These decisions are persuasive because the writing requirement applied in the federal courts is virtually identical to CrR 6.1(a) in both language and purpose.

Nothing in the record suggests that Downs' signature on the waiver form was not obtained voluntarily, knowingly, or intelligently. Downs was a college graduate and a corporate vice–president. Moreover, Downs signed forms waiving his right to an omnibus hearing and his right to trial within 90 days. Although Downs admitted his sexual attraction to children, he in no way contends that this aberration affected his capacity to waive a jury trial.

Furthermore, the waiver form was signed by Downs' attorney. By submitting the form, the attorney, as an officer of the court, represents that his client knowingly, intelligently and voluntarily relinquishes his right to a jury trial. The attorney's representation is certainly relevant evidence and is entitled to consideration by the trial court.

The judgment is affirmed.

RINGOLD and SCHOLFIELD, JJ., concur.

---

[3]The Seventh Circuit, however, has adopted a colloquy requirement pursuant to its supervisory power. *United States v. Delgado,* 635 F.2d 889 (7th Cir. 1981).