[No. 65071-8-I.   Division One.   December 12, 2011.]

THE STATE OF WASHINGTON, *Respondent*, v. GHE MAGI CHAM, *Appellant*.

440

*Jennifer J. Sweigert* (of *Nielsen, Broman & Koch PLLC*), for appellant.

*Daniel T. Satterberg, Prosecuting Attorney,* and *Kristin A. Relyea, Deputy,* for respondent.

¶1 LEACH, J. — Ghe Cham appeals convictions and an exceptional sentence for second degree assault, unlawful

imprisonment, felony harassment, and misdemeanor violation of a court order. He claims the trial court had an affirmative duty to provide a limiting instruction when it admitted evidence of prior domestic violence under ER 404(b). Alternatively, he argues that his counsel provided ineffective assistance by failing to ask for a limiting instruction. Cham also challenges the sufficiency of the record to demonstrate a valid waiver of his right to a jury trial on one aggravating factor and the sufficiency of the trial court's findings for that factor. Finally, for a second aggravating factor submitted to the jury, Cham claims the trial court's instructions improperly required that the jury be unanimous to find that the State failed to prove the existence of that aggravating factor.

¶2 The trial court was not required to give a limiting instruction when neither party requested one. Cham has not shown his counsel's failure to do so prejudiced him. Because the record shows an informed acquiescence by Cham, we hold that he waived his right to a jury trial on the aggravating factor of rapid recidivism. However, because the trial court erred in instructing the jury on the unanimity requirement for the aggravating factor special verdict form, we vacate the exceptional sentence and remand for further proceedings consistent with this opinion. We otherwise affirm.

## Background

¶3 On July 5, 2008, Ghe Cham assaulted his wife, Lyphoa Thi. Following his conviction for second degree assault—domestic violence, the court sentenced him to jail and ordered that he have no contact with Lyphoa Thi for 10 years. Soon after his release on February 23, 2009, Cham was arrested for a community custody violation on March 12, 2009.

¶4 Cham was released from jail a second time on March 31. One hour later, he arrived at the house he had previ-

ously shared with Lyphoa Thi and their two minor children, in violation of the 10-year no-contact order. When Cham appeared at the front door, Thi told him he should not be there. Cham entered the home, pushed Thi into their children's bedroom, and kicked her in the eye. Cham refused to let Thi leave the room and told her that he would continue to beat her if she tried to escape. Thi believed Cham would carry out his threat.

¶5 The couple's two children, Cathy (15 years old) and Mohamed (4 years old), also witnessed this attack. Cathy stated Mohamed woke her up at the start of the violence, and when Cathy entered the living room, she saw Cham's hands around Thi's neck. Cathy testified that Cham kicked Thi eight times, pushed her head into the wall, and pulled her hair.

¶6 The incident lasted about three hours and did not end until the apartment manager, Ronald Newquist, arrived to collect rent and fix the blinds. Cathy answered the door, told Newquist what happened, and asked him not to leave. When Newquist demanded to see Thi, Cham appeared at the front door and claimed she was sleeping. When Newquist told Cham he was going to call the police, Cham left the apartment with his wife's purse. Newquist then called 911, and the Seattle Police and Fire Department responded. Thi was taken to the hospital with a swollen shut right eye, cheek abrasions, and pain in her neck and head.

¶7 The State charged Cham with multiple offenses and also alleged two aggravating factors: that the offenses were committed against a family or household member within the sight or sound of the defendant's minor child and rapid recidivism.

¶8 Cham's first jury trial ended when the court declared a mistrial because a State's witness violated a motion in limine. Before the second trial, the court questioned Cham's ability to understand his interpreters. The judge engaged Cham in the following colloquy:

| | |
|---|---|
| THE COURT: | Have you been able to understand through [the interpreter] the last few days of trial? |
| THE DEFENDANT: | I understand some. And I did not understand others. |
| THE COURT: | What did you not understand? |
| THE DEFENDANT: | For example, the term, what Chin is in Vietnamese, is equal to probation. I understand what Chin is. |
| THE COURT: | Do you understand what a jury trial is? |
| THE DEFENDANT: | Yes, I understand. |
| THE COURT: | What is a jury trial? |
| THE DEFENDANT: | Well, I mean, like trial by 12 people. |
| THE COURT: | And what will the 12 people do; what is their job? |
| THE DEFENDANT: | To judge and to resolve the issues. |

. . . .

| | |
|---|---|
| THE COURT: | Were you able to understand your attorney when you talked at the jail with [the interpreter]? |
| THE DEFENDANT: | Yes. |

¶9 During the second jury trial, the court admitted evidence of Cham's prior assault to demonstrate his knowledge of the existing no-contact order[1] and to establish whether Thi's fear of him was reasonable. Although defense counsel objected to the introduction of the evidence, she did not request a limiting instruction.

¶10 Before the court submitted consideration of the rapid recidivism aggravating factor to the jury, defense counsel orally represented that Cham, after consultation with her, waived the jury's consideration of this aggravating factor. The trial court accepted this waiver without obtaining a written waiver from Cham or engaging in any colloquy

---

[1] The court admitted evidence of the assault, Thi's 911 call afterward, and the no-contact order issued.

with him. The jury convicted Cham of second degree assault, unlawful imprisonment, felony harassment, and misdemeanor violation of a court order and found the existence of the sight or sound aggravator for each count. The court found the State proved rapid recidivism and imposed an exceptional sentence.

¶11 Cham appeals.

## Analysis

¶12 Cham first claims the trial court erred by admitting evidence of his prior acts of domestic violence under ER 404(b)[2] without giving an instruction limiting its use. Because neither party asked for this instruction, we disagree.

¶13 In *State v. Russell*,[3] our Supreme Court held that a trial court is not required to give a limiting instruction for ER 404(b) evidence unless a party requests one. Because Cham made no such request, the trial court did not err when it admitted the ER 404(b) evidence without a limiting instruction.

¶14 In the alternative, Cham claims his counsel provided ineffective assistance because she failed to request this limiting instruction. A claim of ineffective assistance presents a mixed question of law and fact, which we review de novo.[4] To establish ineffectiveness of counsel, the defendant must show that counsel's performance fell below an objective standard of reasonableness, causing prejudice

---

[2] ER 404(b) provides,

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

[3] 171 Wn.2d 118, 124, 249 P.3d 604 (2011) (quoting *State v. Noyes*, 69 Wn.2d 441, 446-47, 418 P.2d 471 (1966)).

[4] *In re Pers. Restraint of Brett*, 142 Wn.2d 868, 873, 16 P.3d 601 (2001).

to the defendant.[5] Prejudice requires a showing that but for counsel's performance it is reasonably probable that the result would have been different.[6] Cham fails to demonstrate the outcome of his trial would have been different but for counsel's failure to request the limiting instruction. The State presented the testimony of Thi and Cathy, the victim and an eyewitness to the crime. Thi testified Cham kicked her in the eye, stopped her from leaving, and threatened to beat her if she attempted to escape. She feared Cham would make good on his threat. Cathy testified that she saw Cham choke, punch, and kick Thi several times in the face. Cathy and Thi's postattack statements to the first responders were generally consistent. Further, the State presented testimony from Ronald Newquist, the bystander who confronted Cham and interrupted the attack. Because overwhelming evidence supports Cham's guilt, we cannot say with reasonable probability that the outcome of the trial would have been different with a limiting instruction. Cham has failed to establish ineffective assistance.

¶15 Next, for the first time on appeal, Cham argues that his conviction should be reversed because the record does not contain a constitutionally sufficient showing that he waived his right to a jury trial on the aggravating factor of rapid recidivism. We disagree.

¶16 A criminal defendant has the right to a jury trial on any aggravating factor that supports an exceptional sentence, except the fact of a prior conviction.[7] A defendant can waive this right.[8] The sufficiency of the record to satisfy the constitutional requirements for waiver of this funda-

---

[5] *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. Thomas*, 109 Wn.2d 222, 226, 743 P.2d 816 (1987).

[6] *Thomas*, 109 Wn.2d at 226 (quoting *Strickland*, 466 U.S. at 694).

[7] *Blakely v. Washington*, 542 U.S. 296, 303-04, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

[8] *State v. Wicke*, 91 Wn.2d 638, 646, 591 P.2d 452 (1979).

mental right may be raised for the first time on appeal.[9] The State bears the burden of establishing a valid waiver, and absent a record to the contrary, this court indulges in every reasonable presumption against waiver.[10] We review the sufficiency of the record to establish a valid waiver de novo.[11]

¶17 The validity of any waiver of a constitutional right and the inquiry required by the court to establish the waiver depend upon the circumstances of the case, including the defendant's experience and capabilities.[12] In addition, the inquiry differs depending on the nature of the constitutional right at issue.[13] For instance, a defendant's decision to waive counsel requires a colloquy between the court and the defendant, on the record, that establishes the defendant knew the advantages and disadvantages of proceeding pro se, while the record of a guilty plea must demonstrate both a voluntary and intelligent waiver and the defendant's understanding of the plea's direct consequences. But "no such colloquy or on-the-record advice as to the consequences of a waiver is required for waiver of a jury trial; all that is required is a personal expression of waiver from the defendant."[14]

¶18 Two cases provide us with guidance about the record required to establish a waiver of the right to trial by jury, *State v. Wicke*[15] and *State v. Stegall*.[16] In *Wicke*, counsel

---

[9] *Wicke*, 91 Wn.2d at 644.

[10] *Wicke*, 91 Wn.2d at 645.

[11] *State v. Hos*, 154 Wn. App. 238, 250, 225 P.3d 389, *review denied*, 169 Wn.2d 1008, 234 P.3d 1173 (2010).

[12] *State v. Stegall*, 124 Wn.2d 719, 725, 881 P.2d 979 (1994) (citing *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938)).

[13] *Stegall*, 124 Wn.2d at 725.

[14] *Stegall*, 124 Wn.2d at 725 (citing *City of Bellevue v. Acrey*, 103 Wn.2d 203, 207-08, 691 P.2d 957 (1984)).

[15] 91 Wn.2d 638, 591 P.2d 452 (1979).

[16] 124 Wn.2d 719, 881 P.2d 979 (1994).

orally waived a jury trial in open court with his client standing silently beside him. No written waiver was filed. The trial court did not ask Wicke if he agreed to this waiver or whether he had discussed it with his counsel.[17] Our Supreme Court stated that no written waiver was constitutionally required[18] but held the record did not satisfy the constitutional standard for demonstrating a waiver.[19] In *Stegall*, the court explained its *Wicke* decision: "In the absence of a written waiver by the defendant, a colloquy on the record, or evidence of consultation with counsel[,] this court concluded that the constitutional requirement of a knowing, intelligent, and voluntary waiver was not met."[20]

¶19 In *Stegall*, the defendant challenged the sufficiency of the record to demonstrate a waiver of his right to a 12-person jury. The court examined the record for "either a personal expression from the defendant waiving a 12-person jury, or an indication that either counsel or the judge discussed this right with the defendant."[21] The court concluded that the record did not demonstrate a valid waiver because it included "neither a personal expression of intent nor an informed acquiescence."[22]

¶20 Together, *Wicke* and *Stegall* show that a record sufficiently demonstrates a waiver of the right to trial by jury if the record includes either a written waiver signed by the defendant, a personal expression by the defendant of an intent to waive, or an informed acquiescence. Because the record here shows an informed acquiescence by Cham, we hold that he waived his right to a jury trial on the aggravating factor of rapid recidivism.

---

[17] *Wicke*, 91 Wn.2d at 641.

[18] *Wicke*, 91 Wn.2d at 642.

[19] *Wicke*, 91 Wn.2d at 645.

[20] *Stegall*, 124 Wn.2d at 730.

[21] *Stegall*, 124 Wn.2d at 731.

[22] *Stegall*, 124 Wn.2d at 731.

¶21 Cham's counsel twice told the court that she had consulted with Cham and that he wanted to waive his right to a jury trial. First, without Cham present, defense counsel told the court, "I spoke with my client and he has agreed to waive jury for determining the aggravating factor of rapid recidivism." Later, with Cham in attendance, defense counsel stated, "[F]or the record, Mr. Cham, after consultation, has waived the presence of the jury for a decision on the aggravating factor of rapid recidivism, and, the jury has been dismissed at this point." Also, during the court's colloquy with Cham to determine the adequacy of his interpreters, Cham showed his knowledge of the function and role of the jury. As noted by the State, Cham also invoked his right to a jury trial on the underlying charges twice before agreeing to a bench trial on rapid recidivism. The specific facts of this case, including Cham's colloquy with the court about the role of a jury, his jury trial experience, and the unchallenged statements of his counsel, overcome any presumption that he did not make a knowing, intelligent, and voluntary waiver. They establish an informed acquiescence.

¶22 Next, Cham claims the trial court's findings of fact do not justify an exceptional sentence. Cham argues that rapid recidivism requires more than a showing that the offense was committed "shortly after release from incarceration." According to Cham, the court also must find "a pattern of similar offenses showing heightened culpability and a greater disregard or disdain for the law than would otherwise be the case."[23] We disagree.

¶23 We review an exceptional sentence imposed under RCW 9.94A.585(4) to determine if (1) the reasons cited by the sentencing judge are supported by evidence in the record, (2) the court's reasons justify departure from the standard range, or (3) the sentence was clearly too excessive

[23] Cham bases this argument on *State v. Hughes*, 154 Wn.2d 118, 141-42, 110 P.3d 192 (2005).

or lenient.[24] Cham challenges only the court's reasons for departure, which we review de novo.[25]

¶24 To prove rapid recidivism, RCW 9.94A-.535(3)(t) requires that the State show "[t]he defendant committed the current offense shortly after being released from incarceration." The trial court found that "[t]he defendant was released from incarceration at 6:59 a.m. on March 31, 2009 from the King County Jail. . . . The defendant committed the [convicted offenses] after arriving at the victim's apartment at 8:00 a.m. the same morning." Because Cham does not challenge this finding, it is a verity on appeal.[26] Cham's commission of a crime within one hour of release from jail satisfies the statutory definition.[27] As we explained in *State v. Williams*,[28] the statute does not also require a finding of a pattern of prior similar offenses showing heightened culpability and a greater disregard and disdain for the law. Therefore, the trial court provided sufficient justification for Cham's exceptional sentence.

¶25 Finally, Cham argues that the trial court erred when it instructed the jury it must be unanimous to answer "no" on the special verdict form for the aggravating factor it considered. In response, the State contends that Cham waived the issue by failing to object to the instruction below. While a failure to timely object generally waives the

---

[24] *See also State v. Ferguson*, 142 Wn.2d 631, 646, 15 P.3d 1271 (2001) (interpreting former RCW 9.94A.210(4) (1989), *recodified as* RCW 9.94A.585(4)).

[25] *Ferguson*, 142 Wn.2d at 646.

[26] *State v. Hill*, 123 Wn.2d 641, 644, 870 P.2d 313 (1994).

[27] *See State v. Butler*, 75 Wn. App. 47, 48, 876 P.2d 481 (1994) (affirming rapid recidivism aggravator when the defendant pleaded guilty to crimes committed 12 hours after release from jail); *State v. Saltz*, 137 Wn. App. 576, 584, 154 P.3d 282 (2007) (affirming sentence based on the stipulation that crimes committed one month after incarceration were " 'shortly after being released from incarceration' ").

[28] 159 Wn. App. 298, 314, 244 P.3d 1018, *review denied*, 171 Wn.2d 1025, 257 P.3d 665 (2011).

claim on appeal, an appellant may raise for the first time on appeal a manifest error affecting a constitutional right.[29]

¶26 Two panels of this division and one panel of Division Three have considered whether this claim of error may be raised for the first time on appeal, and our Supreme Court has accepted review in two of these cases reaching opposite results.[30] Two members of this panel adhere to the view expressed in *State v. Ryan*[31] that *State v. Bashaw*[32] requires reversal of the sentence, even if Cham did not raise the issue below. Therefore, Cham may raise this error for the first time on appeal.[33]

¶27 The trial court instructed the jury:

> Because this is a criminal case, all twelve of you must agree in order to answer the special verdict forms. In order to answer the special verdict forms "yes," you must unanimously be satisfied beyond a reasonable doubt that "yes" is the correct answer. If you unanimously have a reasonable doubt as to this question, you must answer "no."

¶28 Under *Bashaw*, this was error. In *Bashaw*, our Supreme Court held that although unanimity is required to establish a fact that increases a penalty beyond the stan-

---

[29] RAP 2.5(a)(3); *State v. Kirkman*, 159 Wn.2d 918, 926, 155 P.3d 125 (2007).

[30] *State v. Ryan*, 160 Wn. App. 944, 948-49, 252 P.3d 895 (the error is of constitutional magnitude, is not harmless, and can be raised for the first time on appeal), *review granted*, 172 Wn.2d 1004, 258 P.3d 676 (2011); *State v. Morgan*, 163 Wn. App. 341, 351-53, 261 P.3d 167 (2011) (the error is not of constitutional magnitude and cannot be raised for the first time on appeal), *petition for review filed*, No. 86555-8 (Wash. Oct. 3, 2011); *State v. Guzman Nunez*, 160 Wn. App. 150, 153-54, 165, 248 P.3d 103 (the error is not of constitutional magnitude and cannot be raised for the first time on appeal), *review granted*, 172 Wn.2d 1004, 258 P.3d 676 (2011).

[31] 160 Wn. App. 944, 252 P.3d 895, *review granted*, 172 Wn.2d 1004, 258 P.3d 676 (2011).

[32] 169 Wn.2d 133, 234 P.3d 195 (2010).

[33] RAP 2.5(a).

dard range, it is not required to establish the State's failure to prove this fact.[34]

¶29 The State attempts to distinguish *Bashaw*. It notes that unlike the statute before the court in *Bashaw*, RCW 69.50.435(1)(c), the statute before this court, RCW 9.94A-.537(3), expressly states, "The jury's verdict on the aggravating factor must be unanimous, and by special interrogatory." However, as we concluded in *Ryan*, reading this section with the other provisions of the statute demonstrates unanimity is required only for an affirmative finding.[35] Therefore, we reverse the exceptional sentence and remand for further proceedings consistent with this opinion.

## Conclusion

¶30 We reverse the exceptional sentence and remand for further proceedings consistent with this opinion. We otherwise affirm.

LAU, J., concurs.

¶31 DWYER, C.J. (concurring and dissenting) — For the reasons set forth in *State v. Morgan*, 163 Wn. App. 341, 348-53, 261 P.3d 167 (2011), *petition for review filed*, No. 86555-8 (Wash. Oct. 3, 2011), I believe that Ghe Magi Cham cannot raise the issue of special verdict instructional error for the first time on appeal. Accordingly, I dissent from the majority's holding to the contrary.

¶32 In all other respects, I join in the majority opinion.

Petition for review granted and case remanded to the Court of Appeals at 175 Wn.2d 1022 (2012).

---

[34] *Bashaw*, 169 Wn.2d at 147.

[35] *Ryan*, 160 Wn. App. at 949.