# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

STATE OF WASHINGTON,

    Respondent,

v.

MICHAEL GERMAIN MANSFIELD,

    Appellant.

No. 79706-9-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: June 3, 2019

LEACH, J. — Michael Mansfield appeals the trial court's judgment and sentence for motor vehicle theft. He claims that he did not knowingly, intelligently, and voluntarily waive his right to a jury trial. We disagree and affirm.

## BACKGROUND

On May 24, 2017, the State charged Mansfield with theft of a motor vehicle, domestic violence. The trial court held a status hearing on November 8, 2017.

At this hearing, Mansfield's attorney told the court that Mansfield intended to waive a jury trial. After Mansfield signed a jury waiver in court, his attorney submitted it. His attorney then told the court that he had filed the waiver and thanked the court for providing him time to speak with Mansfield about his right to a trial by jury.

Trial took place on November 27, 2017. Before starting trial, the court had a colloquy with Mansfield and explained that he had a constitutional right to a trial by a jury of twelve people and a unanimous verdict. It asked him if he had discussed this right with his attorney. He said, "Yes." The court noted that Mansfield had filed a document giving up his right to a jury trial and asked if that was true. Again, he answered, "Yes." Mansfield also agreed that no one had made any threats or promises in connection with his waiver of the right to a jury trial.

The court then held a bench trial and found Mansfield guilty of motor vehicle theft, domestic violence. Mansfield appeals.

ANALYSIS

Mansfield claims that he did not knowingly, intelligently, and voluntarily waive his right to a jury trial, so the court violated his constitutional right when it accepted his written and oral waivers.

Both the state and federal constitutions guarantee a criminal defendant the right to a jury trial.[1] A defendant may waive this right provided he does so knowingly, voluntarily, and intelligently.[2] In Washington, this waiver may be written or oral.[3] Although CrR 6.1(a) requires the defendant to file a written waiver, a defendant's oral waiver that is knowing, intelligent, and voluntary

---

[1] U.S. CONST. amend. VI; WASH. CONST. art. I, § 21; City of Pasco v. Mace, 98 Wn.2d 87, 99, 653 P.2d 618 (1982).

[2] State v. Hos, 154 Wn. App. 238, 249, 225 P.3d 389 (2010).

[3] State v. Ramirez-Dominguez, 140 Wn. App. 233, 240, 165 P.3d 391 (2007) (citing State v. Stegall, 124 Wn.2d 719, 724-25, 881 P.2d 979 (1994)).

satisfies constitutional requirements.[4]  If a defendant submits a written waiver, neither the federal nor the state constitution requires that the trial court have a colloquy with the defendant on the issue.[5]

Because the right to jury trial is a constitutional one, an appellate court reviews de novo the validity of a defendant's jury trial waiver.[6]  The State has the burden of proving the validity of the waiver.[7]  When an attorney submits a jury waiver form that he and his client have signed, he "as an officer of the court, represents that his client knowingly, intelligently and voluntarily relinquishes his right to a jury trial."[8]

Mansfield and his attorney signed, and his attorney submitted, a written waiver of his right to a jury trial.  Mansfield provides no evidence to support his assertion that the written waiver was deficient.[9]  Also, the trial court engaged in a colloquy with Mansfield about his rights to a jury trial.  During the colloquy the court described his jury trial rights to him, and he then orally confirmed his waiver.  So Mansfield waived his right to a jury trial in writing and orally in open

---

[4] Hos, 154 Wn. App. at 250.

[5] State v. Downs, 36 Wn. App. 143, 145-46, 672 P.2d 416 (1983).

[6] Ramirez-Dominguez, 140 Wn. App. at 239.

[7] Hos, 154 Wn. App. at 249-50 (citing State v. Wicke, 91 Wn.2d 638, 645, 591 P.2d 452 (1979)).

[8] Downs, 36 Wn. App. at 146.

[9] Mansfield identifies two sources of authority for his arguments.  Neither case helps him.  In State v. Williams, 23 Wn. App. 694, 697-98, 598 P.2d 731 (1979), the defendant did not sign a written waiver, and the court did not conduct a colloquy.  But both occurred here.  In State v. Borboa, 157 Wn.2d 108, 118, 135 P.3d 469 (2006), the defendant did not know he had the right to a jury trial on the facts involved in aggravating factors in sentencing.  But, here, Mansfield concedes knowledge of his right.

court. The record sufficiently establishes that Mansfield made a knowing, intelligent, and voluntary waiver.

## CONCLUSION

We affirm. The State has shown that Mansfield made a knowing, intelligent, and voluntary waiver of his right to a jury trial.

*Leach, J.*

WE CONCUR:

*Schindler, J.*      *Appelwick, C.J.*