[No. 4760-1-III.   Division Three.   January 27, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. FRANK
RANGEL, *Appellant.*

*Dirk A. Marler* and *Porter, Schwab, Royal & Rowley,* for
appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Howard
W. Hansen, Deputy,* for respondent.

McINTURFF, J.—Frank Rangel appeals his nonjury convictions of two counts of second degree burglary. The burglaries occurred in September 1980 and February 1981, the first of a residence, the second of a business.

Mr. Rangel raises the following issue: Were the requirements of CrR 6.1(a) regarding waiver of jury trial met here? That rule provides: "Trial by Jury. Cases required to be tried by jury shall be so tried unless the defendant files a written waiver of a jury trial, and has consent of the court." No written waiver was filed, but the following colloquy occurred prior to trial:

> THE COURT: Before we begin, Mr. Rangel, your attorney has advised me that you have decided to have the matter tried without a jury. And I want to inquire if you understand that you do have a right to have a jury of 12 people and that the State has to prove its case beyond a reasonable doubt to all 12 of the jurors. Do you understand that, sir?
>
> THE DEFENDANT: Yes.
>
> THE COURT: They all have to be convinced and they all have to agree before they can find you guilty, you understand that?
>
> THE DEFENDANT: (Nods affirmatively.)
>
> THE COURT: Now, on the other hand, if you try the matter without a jury there is only one person who has to be convinced beyond a reasonable doubt, that is the judge. You understand that?
>
> THE DEFENDANT: (Nods affirmatively.)
>
> THE COURT: All right, with those understandings, is it still your desire to proceed in this case without a jury?
>
> THE DEFENDANT: (Nods affirmatively.)

In *State v. Wicke,* 91 Wn.2d 638, 646, 591 P.2d 452 (1979), the court held an oral waiver given by the defendant in open court constituted substantial compliance with CrR 6.1(a). There, the record of the oral waiver showed the defendant intelligently, knowingly, and expressly waived his right to trial by jury. We must keep in mind that "[t]he purpose of the written waiver requirement is to guard against silent waivers of jury trials." *State v. Wicke, supra* at 642; Criminal Rules Task Force, *Washington Proposed*

*Rules of Criminal Procedure* (1971). Here, the court advised Mr. Rangel of his right to a jury trial and what that right meant, inquired as to whether he understood, and then specifically asked if he wished to waive a jury. By nodding his head, Mr. Rangel indicated his waiver. This conduct in response to the court's thorough questioning constitutes substantial compliance with CrR 6.1(a).[1]

In so holding, we do not interpret *Wicke* as providing that oral waivers on the record are to be used routinely or advocated as an alternative to filing a written waiver as stated in the rule. Just the opposite is true. *Wicke* holds that such oral waivers fulfill the purpose of CrR 6.1(a) by assuring that defendants who waive their right to a jury trial do so expressly and with full knowledge of the scope of that right. However, prosecutors and trial courts, in their effort to follow court rules, should demand literal compliance with the rule and, thus, have ready a written waiver for the defendant's signature if he wishes to proceed without a jury.

The judgment of the Superior Court is affirmed.

Pursuant to RCW 2.06.040, the remaining contentions and the court's answers to those contentions, having no precedential value, will not be published.

ROE, C.J., and GREEN, J., concur.

---

[1]*State v. Jones,* 17 Wn. App. 261, 562 P.2d 283 (1977), relied upon by Mr. Rangel, holds only that a recital preceding the court's findings of fact and conclusions of law that the defendant had waived his right to a jury is insufficient to satisfy CrR 6.1(a). The sufficiency of an oral waiver by the defendant on the record is not discussed.