[No. 6431–0–III.   Division Three.   August 6, 1985.]

THE STATE OF WASHINGTON, *Respondent*, v. PATRICIA STIMSON, *Petitioner*.

---

*Jo Anne Alumbaugh,* for petitioner (appointed counsel for appeal).

*Joseph Panattoni, Prosecuting Attorney,* and *David Gorrie, Deputy,* for respondent.

McINTURFF, A.C.J.—The sole issue is whether Patricia Stimson made a knowing and voluntary waiver of her right to a speedy trial.

Patricia Stimson was charged with driving while intoxicated. She made her first appearance in district court on February 28, 1983, and requested a court appointed attorney. As instructed by the court, she returned to the clerk's office in the afternoon to fill out the qualifying financial

affidavit; at the same time she was presented with a form waiving the 60–day rule, her right to a speedy trial.[1] Ms. Stimson contends the appointment of an attorney was contingent upon her waiver of the speedy trial right.

At the time of trial, May 4, Ms. Stimson's attorney moved for dismissal, based on a violation of the 60–day rule.[2] The motion was denied as was her motion to reconsider. In denying the motion, the District Court noted in its memorandum decision the procedure used by the court clerk did not unduly prejudice Ms. Stimson, although there may have been some confusion as to the explanation of the speedy trial right. The court further explained the waiver was not a condition precedent to the appointment of counsel, nor did it coerce her to waive her right to a speedy trial. The district court judgment was affirmed on appeal to superior court.

Ms. Stimson contends a document prepared and procured by the court clerk is insufficient to show a knowing and voluntary waiver of a constitutional right. However, the cases she cites in support of this contention deal with the right to a jury trial or entry of a guilty plea, not the right to a speedy trial; hence, they are not dispositive.

The right to a speedy trial is based upon the sixth amendment to the United State Constitution and is binding on state prosecutions through the Fourteenth Amendment due process clause. *Klopfer v. North Carolina,* 386 U.S. 213, 18 L. Ed. 2d 1, 87 S. Ct. 988 (1967). In *State v. White,* 94 Wn.2d 498, 501, 617 P.2d 998 (1980), the court

---

[1] *See* JCrR 3.08, 68 Wn.2d xxvi (1966), amended to JCrR 3.08(c)(1), effective April 13, 1984.

[2] During her argument, the attorney related the following sequence of events:
"The next day [after the waiver was signed] the file was sent over to me from District Court. They called and said, 'You have been appointed as her attorney.' But no waiver form was sent over in the materials that I received and no mention was ever made of it to me. From that time on I represented her and advised her concerning rights. We proceeded to prepare for trial, which we did. They set the trial outside of the 60 days by a couple of days, three days. I moved for dismissal based on that rule which, of course, is a right of defendants."

stated:

> At the outset, we acknowledge that, while founded upon the constitutional right to a speedy trial, the 60–day trial rule for a defendant in custody prescribed by CrR 3.3 is not of constitutional magnitude. *State v. Mack,* 89 Wn.2d 788, 576 P.2d 44 (1978).
>
> CrR 3.3, or some version of it, has been in effect since 1973. It has undergone a number of amendments. . . . Since 1973, throughout the various changes and revisions, we have consistently insisted upon strict compliance with the rule and a sanction of dismissal with prejudice in those instances where the rule was not followed. CrR 3.3(g); *State v. Williams,* 85 Wn.2d 29, 530 P.2d 225 (1975); *State v. Striker,* 87 Wn.2d 870, 557 P.2d 847 (1976); *State v. Peterson,* 90 Wn.2d 423, 585 P.2d 66 (1978); *State v. Alexus,* 91 Wn.2d 492, 588 P.2d 1171 (1979); *State v. McIntyre,* 92 Wn.2d 620, 600 P.2d 1009 (1979).

JCrR 3.08 is to be construed consistently with its counterpart, CrR 3.3. *State v. Mack,* 89 Wn.2d 788, 792, 576 P.2d 44 (1978). The *Mack* court stated at page 793:

> Neither CrR 3.3 nor JCrR 3.08 is intended to operate as the standard against which to measure possible violation of this constitutional right. Rather, as we have indicated, the rules are designed to *protect* but not *guarantee* the right.

*See also Seattle v. Crockett,* 87 Wn.2d 253, 257–58, 551 P.2d 740 (1976).

Ms. Stimson's appearance in district court on February 28 commenced the running of the time limit. *State v. Williams,* 87 Wn.2d 916, 919, 557 P.2d 1311 (1976). The pretrial hearing was set for May 4, 5 days over the 60 days. A defendant may waive his right to a speedy trial, but courts will indulge every reasonable presumption against the waiver. *State v. Williams,* 85 Wn.2d 29, 32, 530 P.2d 225 (1975). A waiver for a specific time period is preferred to an unlimited general waiver. *State v. Pomeroy,* 18 Wn. App. 837, 841, 573 P.2d 805 (1977). A showing of prejudice to the defendant is unnecessary if dismissal is warranted. *State v. Williams, supra* at 32.

It is undisputed the waiver form was presented to and signed by Ms. Stimson when counsel was appointed for her. Ms. Stimson questions whether the clerk's office was authorized to proceed with the waiver when it knew she had requested an attorney, but had not consulted with the attorney prior to executing the waiver.

Should these circumstances be analogized to *Miranda,*[3] where all questions must cease when the defendant requests an attorney? *See State v. Robtoy,* 98 Wn.2d 30, 37, 653 P.2d 284 (1982). While we seriously question a procedure which allows a waiver form to be presented to a defendant who qualifies for appointed counsel, prior to that defendant consulting with the attorney, we need not address this issue. Assuming, arguendo, the waiver was invalid, under these facts we find there was no impairment of Ms. Stimson's right to a speedy trial.

■ The motion to dismiss was not made until after the 60 days had expired. While a defendant has no duty to bring himself to trial, *Barker v. Wingo,* 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972), the issue of waiver and the defendant's responsibility to assert his right to a speedy trial is governed by a balancing test of several factors outlined in *Barker* including (1) length of delay, (2) reason for delay, (3) prejudice to the defendant, and (4) assertion of or failure to assert one's right to a speedy trial. *See also State v. Breaux,* 20 Wn. App. 41, 44–45, 578 P.2d 888 (1978); JCrR 3.08(f)(1) (effective April 13, 1984).

In addition, our court, in dicta, made the following statement in *White,* at 502:

> An attorney is an officer of the court. As such, he owes it a duty of frankness and honesty. His primary duty, of course, is to his client. Nonetheless, we are inclined to agree that if at the trial setting defendant's counsel was aware that the trial date fixed was beyond the 60–day limit, he had a duty to so advise the court.[2] The rule at that time, however, placed the responsibility for a correct

---

[3]*Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966).

trial date upon the court and we, of course, do not know when counsel became aware of the erroneous date. While counsel may protest that his duty to his client forbade him advising the court of its mistake at the time the trial date was fixed, we would disagree. The selection of a proper trial date is a mutual task with ultimate responsibility in the court. It is our view that counsel best serves both his client and the adversary system by assuring compliance with the rule when trial dates are set.

[2]*See* (CPR) EC 7–23. If a lawyer owes a duty to the court to advise it of adverse (to him) legal authority from the controlling jurisdiction, surely it follows that he must advise the court that it is selecting an incorrect trial date, if he knows that is occurring.

The record indicates the delay was only 5 days; that Ms. Stimson's attorney, who had represented her from the initial appointment, knew or should have known the time limit would expire prior to the trial date, and, had she raised the issue prior to the expiration date, the matter of the waiver would have been moot. Under the rule announced in *Barker,* Ms. Stimson's right to a speedy trial was not impaired.

██ Ms. Stimson argues there was not substantial evidence to support the District Court's decision, affirmed by the Superior Court, that the waiver was voluntary and not coerced. Whether the evidence supports this conclusion is a question of fact. Under the authority of RALJ 9.1(b),

> The superior court shall accept those factual determinations supported by substantial evidence in the record (1) which were expressly made by the court of limited jurisdiction, or (2) that may reasonably be inferred from the judgment of the court of limited jurisdiction.

Underlying the factual determination is the credibility to be attributed to the testimony of the court employees; the trial court decides issues of credibility. *Ladley v. St. Paul Fire & Marine Ins. Co.,* 73 Wn.2d 928, 933, 442 P.2d 983 (1968); *Kintz v. Read,* 28 Wn. App. 731, 736, 626 P.2d 52 (1981). Where the trial court could reasonably interpret facts in favor of either party, it is not the function of the

appellate court to substitute its judgment, since reversal is warranted only where the facts are not supported by substantial evidence. *Mood v. Banchero,* 67 Wn.2d 835, 838, 410 P.2d 776 (1966).

The District Court determined there had been no coercion, nor was the appointment of counsel related to the speedy trial waiver. After reviewing the testimony of the court employees in conjunction with the document signed by Ms. Stimson, we find there is substantial evidence to support that conclusion.

The judgment of the Superior Court is affirmed.

MUNSON and THOMPSON, JJ., concur.