[No. 11113-0-III. Division Three. June 25, 1992.]

THE STATE OF WASHINGTON, *Respondent,* v. JOSE BECERRA, *Appellant.*

---

*Robert J. Thompson,* for appellant.

*Andrew K. Miller, Prosecuting Attorney,* for respondent.

SHIELDS, C.J. — Jose Becerra a/k/a Ricardo Gonzales was convicted of three counts of delivery of a controlled substance, cocaine, within 1,000 feet of the perimeter of a school. He appeals, contending two procedural errors require dismissal. We reverse the conviction and remand.

On June 14, 1990, Mr. Becerra was charged by information with two counts of delivery of a controlled substance, cocaine, within 1,000 feet of the perimeter of a school, for buys made from an informant on June 7 and 8. He was arraigned the following day, June 15, and remained in custody until his trial.

The substance obtained on June 7 was tested June 19, and that obtained on June 8 was tested June 18. An omnibus application by Mr. Becerra was filed July 20, to require the prosecution "[t]o supply any reports of scientific tests, experiments, or comparisons and other reports to [*sic*] experts in the control of the prosecution, pertaining to this case." At the July 20 omnibus hearing, the prosecutor stated the reports had been provided to defense counsel. Defense

counsel told the court he was satisfied and the clerk made a minute entry to that effect. In reality, defense counsel had not yet received the lab reports. Although the prosecutor made the reports available to defense counsel for examination, counsel did not actually receive copies of the certified analytical results of the substance tests until August 2.

On June 12, at the scene of a Metro Drug Task Force buy in Benton County, police had arrested a man known as Ricardo Reyes Gonzales. It was subsequently determined Mr. Becerra and Ricardo Reyes Gonzales were the same person. The substance obtained on June 12 was tested June 25. All three tests were performed by Washington State Patrol Crime Lab forensic scientist Billie Mauss and were positive for cocaine.

Trial on the June 7 and 8 buys was originally set for August 6, 1990. At a pretrial hearing on August 3, the State filed an amended information against Mr. Becerra a/k/a Gonzales, adding a third count of delivery of a controlled substance, cocaine, within 1,000 feet of the perimeter of a school, for the June 12 offense. To accommodate defense counsel's desire to speak with new witnesses, trial was continued to August 13 after the court confirmed that date was within the 60-day speedy trial period. No motion was made under CrR 6.13(b)(3)(i) to shorten the 15-day notice period required for use of the certified lab reports as prima facie evidence without further proof or foundation.

Ms. Mauss was available to testify the week beginning August 3, but was unavailable the week of August 13. Defense counsel was informed on August 9 the State would not call Ms. Mauss as a witness and told by the prosecutor, "[i]f you want her there you will have to do it yourself." Defense counsel did not subpoena Ms. Mauss. On August 10, counsel for Mr. Becerra/Gonzales filed an affidavit suggesting the certified test results be excluded under CrR 6.13(b)(3)(i). No motion was filed with the affidavit and no written demand to produce the expert witness, Billie

Mauss, was served upon the prosecutor as provided by CrR 6.13(b)(3)(iii).

On August 13, a jury was selected but not sworn. The trial was continued until August 15 so that another case could proceed. On August 14, the 60th day after arraignment, defense counsel moved for dismissal for violation of CrR 3.3, the speedy trial rule. Trial resumed on August 15 with the swearing of the jury and consideration of pretrial motions. The court denied the motion to dismiss for violation of the 60-day rule because defense counsel did not object on August 13 to the trial interruption, when the court could have corrected the error if there was one.

During trial defense counsel objected to admission of the certified test results which established the delivered substance was cocaine, on the basis late service on him violated CrR 6.13(b)(3)(i) and denied him the opportunity to cross-examine the expert. The court, "with some temerity", permitted use of the certified reports. However, the record does not articulate a cause for shortening the notice time and no order was signed stating cause to shorten the time for service upon the defendant. The jury returned guilty verdicts on all three counts and Mr. Becerra/Gonzales was sentenced within the standard range.

Mr. Becerra/Gonzales contends his convictions should be reversed, and the charges dismissed, for violation of his right to a speedy trial under CrR 3.3(c)(1). Alternatively, he contends the certified test reports of the state crime lab technician should have been excluded for violation of the notice requirements of CrR 6.13(b)(3)(i), which would render the evidence insufficient to support the convictions.

## Speedy Trial Rule

In this case the jury was selected within the 60-day period mandated by CrR 3.3(c)(1),[1] but the swearing of the

---

[1]CrR 3.3(c)(1) provides in pertinent part: "A defendant not released from jail pending trial shall be brought to trial not later than 60 days after the date of arraignment."

jury and the consideration of pretrial motions did not take place until 2 days later, on the 61st day. Mr. Becerra/Gonzales maintains a trial does not commence until the judge hears and decides preliminary motions, citing *State v. Mathews*, 38 Wn. App. 180, 183, 685 P.2d 605, *review denied*, 102 Wn.2d 1016 (1984). Thus, he argues he was not brought to trial within 60 days and dismissal with prejudice is required, citing *State v. White*, 94 Wn.2d 498, 501, 617 P.2d 998 (1980). We disagree.

■ When a trial commences for purposes of the speedy trial rule is not defined by statute. Division One has held the rule is satisfied when a case is called for trial and preliminary motions are considered within the statutory time limit. *State v. Redd*, 51 Wn. App. 597, 608, 754 P.2d 1041, *review denied*, 111 Wn.2d 1007 (1988); *Mathews*. Selection of the jury is but another necessary part of a trial, one which commonly starts the proceeding. *See State v. Wraspir*, 25 Wn. App. 457, 463 n.2, 607 P.2d 335 (1980). *Mathews*, cited by Mr. Becerra/Gonzales, specifically rejected the argument a defendant is not "brought to trial" until a jury is empaneled and sworn to try the case. Mr. Becerra/Gonzales was brought to trial on the 59th day after arraignment when the case was called for trial and the jury was chosen. *See also United States v. Gonzalez*, 671 F.2d 441, 443-44 (11th Cir.) (construing the Speedy Trial Act of 1974, 18 U.S.C. § 3161(c)(1)), *cert. denied*, 456 U.S. 994 (1982); *accord, United States v. Manfredi*, 722 F.2d 519 (9th Cir. 1983).[2]

■ Furthermore, by not objecting on August 13 when the trial was recessed until August 15, defense counsel waived any speedy trial objection. It was his responsibility to raise the issue when action could still be taken to avoid violation of the rule. *State v. Austin*, 59 Wn. App. 186, 200, 796 P.2d 746 (1990); *State v. Raper*, 47 Wn. App. 530, 538, 736 P.2d 680, *review denied*, 108 Wn.2d 1023 (1987).

---

[2]A prolonged recess between selecting the jury and proceeding with the rest of the trial could result in a finding the trial has not actually " 'commenced' " if the court perceives an intent to merely pay lip service to the rule. *Gonzalez*, at 444. However, there is no indication of such an intent in the present case, nor was the delay lengthy.

### ADMISSION OF CERTIFIED REPORTS
### UNDER CrR 6.13(b)(3)(i)

Mr. Becerra/Gonzales contends the certified lab test reports should have been excluded because they were not timely provided to him and there was no showing of cause justifying a shortened notification period. We agree.

CrR 6.13(b), which provides a certified lab report may be admitted without further proof or foundation as prima facie evidence of the identification of a substance, contains the following notice requirement:

> (3) . . . The court shall exclude such report if:
> (i) a copy of the report and certificate has not been served on the defendant or the defendant's attorney at least 15 days prior to the trial date or, upon a showing of cause, such lesser time as the court deems proper;

Copies of the lab reports and certificates were not served on defense counsel until August 2, just 4 days before the original trial date and 11 days before the revised trial date. Although the rule permits the court to shorten the time for service upon a showing of cause, none was shown on the record or reflected by an order here. In these circumstances, the rule requires exclusion of the lab reports.

■ Contrary to the State's assertion any error in admitting the reports was harmless, the convictions cannot stand without them. Evidence is insufficient if no rational trier of fact, viewing the evidence most favorably toward the prosecution, could find the elements of the crime beyond a reasonable doubt. *State v. Chapin*, 118 Wn.2d 681, 691, 826 P.2d 194 (1992). When the lab reports are excluded, and the remaining evidence is construed most favorably to the prosecution, the State proved only that Mr. Becerra/Gonzales delivered "a white, powdery substance".

■ We need not, however, dismiss the charges against Mr. Becerra/Gonzales. In cases such as this, in which the evidence offered by the State and admitted on procedural error by the trial court would have been sufficient to sustain a guilty verdict if procedural error had not occurred, retrial is not precluded by the double jeopardy clause of the Fifth

Amendment. *Lockhart v. Nelson*, 488 U.S. 33, 34, 102 L. Ed. 2d 265, 109 S. Ct. 285 (1988).

We reverse Mr. Becerra/Gonzales' convictions and remand for retrial.

THOMPSON and SWEENEY, JJ., concur.