[No. 13110-6-III. Division Three. January 19, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. DINO S. DONAHUE, *Appellant*.

*Dan K. Connolly*, for appellant.

*Rick Weber, Prosecuting Attorney*, and *Mark D. Zachares, Deputy*, for respondent.

THOMPSON, C.J. — Dino Donahue appeals his convictions on one count of delivery of a controlled substance, psilocybin,

and two counts of delivery of marijuana. He contends his oral waiver of his right to a jury trial was invalid because he made it without a full understanding of what that right entailed. He also contends the State violated his right under CrR 3.3 to a speedy trial. We affirm.

The facts underlying Mr. Donahue's convictions are not material to this appeal. At issue is whether the following colloquy between Mr. Donahue and the trial court satisfies the requirement that a defendant's waiver of his constitutional right to a jury must be knowing and voluntary:

THE COURT: As I noted before formally commencing the trial, there is no written waiver of jury trial in the file.

Mr. Donahue, it is my understanding that you have elected to proceed with this trial with the Court sitting as both the trier of the fact and the judge of the law. Is that accurate?

THE DEFENDANT: Yes, sir.

THE COURT: Do you wish to proceed without a jury?

THE DEFENDANT: Yes, sir.

THE COURT: You understand you have a right to a jury trial, but you are waiving that right. You understand that?

THE DEFENDANT: Yes, sir.

THE COURT: And that's your intent?

THE DEFENDANT: Yes, sir.

THE COURT: And that's done after conference with your attorney?

THE DEFENDANT: Yes.

THE COURT: All right.

MR. SOLSENG [The deputy prosecutor]: Please, Your Honor, if the Court doesn't mind, could I just check and see if we have got that form out here? I think it should be in writing if we have got it.

THE COURT: If you have got it, that's fine, sure.

MR. SOLSENG: No, Your Honor, we don't have one.

THE COURT: Well, I would think a statement in open court would be sufficient on the record.

MR. SOLSENG: All right.

THE COURT: Although it would be best to follow it with a copy, a written copy, so it's clear.

MR. GARNETT [Mr. Donahue's attorney]: All right. We will follow it up.

A written waiver of jury trial, as required by CrR 6.1(a),[1] was not filed.

---

[1] CrR 6.1(a) reads: "Cases required to be tried by jury shall be so tried unless THE DEFENDANT files a written waiver of a jury trial, and has consent of the court."

 While CrR 6.1(a) requires a written waiver of a defendant's right to a jury trial, our courts have held oral waivers on the record sufficient if made knowingly and voluntarily. *See State v. Rangel*, 33 Wn. App. 774, 775, 657 P.2d 809 (1983); *In re Reese*, 20 Wn. App. 441, 580 P.2d 272 (1978), *aff'd sub nom. State v. Wicke*, 91 Wn.2d 638, 591 P.2d 452 (1979). In examining an oral waiver of the right to jury, "every reasonable presumption should be indulged against the waiver of such a right, absent an adequate record to the contrary". *Wicke*, at 645. The prosecution has the burden of proving a valid waiver. *Wicke*, at 645.

Mr. Donahue compares his oral waiver of jury to the oral waivers obtained in *Rangel* and *Reese*. He concludes his waiver was invalid because the court did not advise him about the nature of a jury trial as extensively as did the courts in those two cases. We do not read *Rangel* and *Reese* as *requiring* the court to engage in those same colloquies to obtain a valid waiver. *See State v. Stegall*, 124 Wn.2d 719, 725, 881 P.2d 979 (1994) (all that is required is personal expression of waiver by the defendant). Here, the colloquy is different than in *Rangel* and *Reese* but still sufficient to satisfy the State's burden of establishing Mr. Donahue waived his right to trial by jury with knowledge of what that entailed. Mr. Donahue addressed the court directly. Moreover, he told the court he had conferred with his attorney before making his waiver. If there existed evidence Mr. Donahue was somehow misled or coerced, it was incumbent upon him to present it to the court. He did not do so in the trial court. Nor has he attempted to supplement the record with such evidence on appeal. In these circumstances, we will not upset Mr. Donahue's conviction for lack of a written waiver.[2]

---

[2]We note that federal decisions construing the nearly identical federal rule of criminal procedure (Fed. R. Crim. P. 23) have upheld waivers of this right even when made by defense counsel, so long as "[defendant's] conduct can be said to have ratified the waiver . . .". 2 Charles A. Wright, *Federal Practice* § 372, at 301 (1982); *United States v. Masri*, 547 F.2d 932, 43 A.L.R. Fed. 60 (5th Cir.), *cited in* 2 Wright § 372, at 301 n.21, *cert. denied*, 431 U.S. 932 (1977); *United States v. DeMichael*, 692 F.2d 1059 (7th Cir. 1982), *cited in* 2 Wright § 372, at 80 n.21 (Supp. 1994), *cert. denied*, 461 U.S. 907 (1983).

Mr. Donahue also contends for the first time on appeal the State violated his right to a speedy trial under CrR 3.3. Since he was not detained in jail, he had a right to be brought to trial not later than 90 days after the date of arraignment. CrR 3.3(c)(1). Mr. Donahue was arraigned on July 9. At that time, the court set trial for September 14, 1992. On September 28, Mr. Donahue consented to a continuance to November 30. Trial did not commence until December 15, 1992.

Under CrR 3.3(g)(3) and (h)(1), continuances are excluded in computing the time for trial. *State v. Jones*, 111 Wn.2d 239, 244, 759 P.2d 1183 (1988), *cert. denied*, 502 U.S. 825 (1991); *State v. Garnier*, 52 Wn. App. 657, 659-60, 763 P.2d 209 (1988), *review denied*, 112 Wn.2d 1004 (1989). As of the September 28 continuance, 81 days had elapsed from the date of Mr. Donahue's arraignment. Another 15 days elapsed after November 30 and before his trial commenced on December 15. The 90 days expired on December 8.

■ However, CrR 3.3(d)(8) allows the court in certain circumstances to enter 5-day extensions of the trial date. A party who objects to the extension must file an objection or is deemed to have waived it. *See State v. Becerra*, 66 Wn. App. 202, 206, 831 P.2d 781 (1992) (citing *State v. Raper*, 47 Wn. App. 530, 538, 736 P.2d 680, *review denied*, 108 Wn.2d 1023 (1987)). The defendant's failure to object is of no consequence, *only* if an objection would not have enabled the court to correct the error, as the time period had already run. *See State v. Nelson*, 47 Wn. App. 579, 586, 736 P.2d 686, *review denied*, 108 Wn.2d 1024 (1987); *State v. Stimson*, 41 Wn. App. 385, 391, 704 P.2d 1220 (1985).

Here, the Okanogan Superior Court clerk's file notes indicate Mr. Donahue's case was set for plea first on December 3, 1992, and then on December 10. A reasonable inference is that on December 3, a 5-day extension of the trial date (*i.e.*, 5 court days) was entered to December 10. Plea negotiations broke down by the 10th. The next action is the trial which started on December 15, 1992. Again, a reasonable inference exists that the court entered a final 5-day extension on

December 10. There is no record of Mr. Donahue objecting to these extensions beyond the 90th day.

In any event, a trial court's grant of an extension under CrR 3.3(d)(8) is reviewable only for abuse of discretion. *See State v. Andrews,* 66 Wn. App. 804, 810, 832 P.2d 1373 (1992), *review denied,* 120 Wn.2d 1022 (1993). It was not an abuse of discretion for the court in Mr. Donahue's case to continue the trial date, given the fact ongoing plea negotiations were taking place. We therefore hold the December 15 trial date was the result of properly entered 5-day extensions, and Mr. Donahue's right to speedy trial under the rule was not violated.

## PRO SE ISSUES

Mr. Donahue has filed a pro se brief in which he joins with counsel in arguing his right to trial by jury was violated. He makes general and unsupported allegations of misconduct on the part of the prosecutor and the court in securing his oral waiver of a jury. We see nothing therein meriting further comment by this court.

Affirmed.

SWEENEY and SCHULTHEIS, JJ., concur.

Review denied at 126 Wn.2d 1023 (1995).