ZAGER, Justice
(concurring specially).
I concur in the well-reasoned majority opinion. I also find that there was no abuse of discretion by the district court in its decision to bifurcate the trial in this matter. I agree with the district court that under all of the facts and circumstances of this case, there was good cause to adjust the scheduling of the trial. Likewise, the good cause enunciated by the prosecutor was not a ruse or merely a pretext to avoid McNeal’s speedy trial rights. However, I find it necessary to write on the more basic issue of whether there was a violation of McNeal’s speedy trial rights at the outset when McNeal was brought to trial within ninety days as required by our rules. Finding McNeal was brought to trial within ninety days, I would vacate the decision of the court of appeals and affirm the district court.
Iowa Rule of Criminal Procedure 2.38(2) generally declares it is the public policy of Iowa that “criminal prosecutions be concluded at the earliest possible time consistent with a fair trial to both parties.” Iowa R. Crim. P. 2.33(2) (emphasis added). The specific rule incorporating speedy trial rights is contained in Iowa Rule of Criminal Procedure 2.33(2)(5), and provides,
If a defendant indicted for a public offense has not waived the defendant’s right to a -speedy trial the defendant must be brought to trial within 90 days after the indictment is found or the court must order the indictment to be dismissed unless good cause to the contrary be shown.
Id. r. 2.33(2)(⅛) (emphasis added).
The settled law established by this court over thirty-five years ago was that a defendant is “brought to trial” for purposes of satisfying speedy trial requirements “when the jury is impaneled and sworn.” State v. Jones, 281 N.W.2d 13, 17 (Iowa 1979). I believe the district court correctly applied this settled law and scrupulously protected the spirit and intent of McNeal’s speedy trial rights.
Under rule 2.33(2)(&), a criminal charge cannot go forward “if trial does not commence” within ninety days of the State filing the charging instrument. State v. Taylor, 881 N.W.2d 72, 76 (Iowa 2016). In Taylor, the case had been set for trial well after the expiration of the ninety day requirement. Id. at 74. Counsel for the defendant filed a motion to dismiss citing a violation of the speedy trial rule. Id. That case was decided solely on whether there had been an implied waiver of Taylor’s right to a speedy trial or whether there was good cause for any delay in the commencement of trial. In my opinion, that is not the issue here. Rather, there is no question that the trial commenced within the ninety day speedy trial rule.
I recognize that the speedy trial rule serves several purposes.
The purpose of both the criminal procedural rules and the constitutional provi *711 sions is to “relieve an accused of the anxiety associated with a suspended prosecution and provide reasonably prompt administration of justice.” The speedy indictment and speedy trial rules also aim to prevent the harm that arises from the “possible impairment of the accused’s defense due to diminished memories and loss of exculpatory evidence.” This type of harm is the “most serious,” because “the inability of a defendant adequately to prepare his case skews the fairness of the entire system.”
Ennenga v. State, 812 N.W.2d 696, 708 (Iowa 2012) (quoting State v. Wing, 791 N.W.2d 243, 246-47 (Iowa 2010), overruled, on other grounds by State v. Williams, 895 N.W.2d 856, 867 (Iowa 2017)). I fail to see how a delay of eight days between the empaneling of the jury and the presentment of evidence in this matter was contrary to any of the expressed purposes of the speedy trial rule, other than the brief extension of anxiety to the defendant that is associated with any criminal prosecution. Counsel for the defendant did not argue, and I believe could not reasonably argue, any potential harm or impairment to the defense to adequately prepare for trial. The district court adjusted the trial schedule here in order to preserve a fair trial to both parties, consistent with Iowa Rule of Criminal Procedure 2.38(2).
I agree with the general proposition that the speedy trial requirements may not be avoided by simply empaneling a jury and then delaying the receipt of evidence. However, as here, there may be occasions when a brief delay after the jury is sworn does not raise any speedy trial implications. McNeal’s argument on appeal was that the trial was recessed for “an unusually long period of time, with the specific intent of avoiding dismissal.” I do not agree that either of these arguments is applicable here.
As would be expected, there is no federal or state consensus on when a trial “commences” for speedy trial purposes. But what all the cases appear to focus on is the length of the recess' and the perceived intent to violate the spirit of the rule. The pivotal federal case on bifurcation is United States v. Gonzalez, 671 F.2d 441 (11th Cir. 1982). In Gonzalez, the United States Court of Appeals for the Eleventh Circuit determined that trial “commences” under the Speedy Trial Act when voir dire begins. Id. at 443. However, it cautioned that its holding was not to be abused:
We caution that our decision not be viewed as a license to evade the Act’s spirit by commencing voir dire within the prescribed time limits and then taking a prolonged recess before the jury is sworn and testimony is begun. The district courts must adhere to both the letter and the spirit of the Act, and we will not hesitate to find that a trial has not actually “commenced” within the requisite time if we perceive an intent to merely pay the Act lip service.
Id. at 444. Subsequent federal cases have reached opposite conclusions based on the unique facts of each case.
In Rhinehart v. Municipal Court, the Supreme Court of California heard a case where a jury was empaneled on the final day of the speedy trial period, and the district court announced a delay of five or six days before evidence would be presented. 35 Cal.3d 772, 200 Cal.Rptr. 916, 677 P.2d 1206, 1208 (1984). The district court announced the reason for the delay was court congestion, and the only reason for jury selection and then the delay was to avoid a speedy trial dismissal. Id. The court ultimately determined “brought to trial” does not mean when a jury is empaneled. Id., 200 Cal.Rptr. 916, 677 P.2d at 1211. Rather, the court concluded an accused is “brought to trial” when the case
*712 has been called for trial by a judge who is normally available and ready to try the case to conclusion. The court must have committed its resources to the trial, and the parties must be ready to proceed and a panel of prospective jurors must be summoned and sworn.
Id., 200 Cal.Rptr. 916, 677 P.2d at 1211-12 (footnote omitted). Under these principles, court congestion was not deemed a valid reason to bifurcate the trial. Id., 200 Cal.Rptr. 916, 677 P.2d at 1212.
The Washington appellate court also adopted the Eleventh Circuit Gonzalez test for when a defendant is brought to trial. See State v. Becerra, 66 Wash.App. 202, 831 P.2d 781, 783 (1992). In Becerra, the court concluded the defendant was brought to trial on the 59th day after arraignment when the case was called-for trial and the jury was chosen. Id. Likewise, the New Mexico Court of Appeals held a delay of eighteen days between jury selection and the presentation of evidence did not violate New Mexico’s six month speedy trial rule. State v. Rackley, 128 N.M. 761, 998 P.2d 1212, 1214 (Ct. App. 2000). The Rackley court noted, however, that its holding was limited to the facts before it in that case. Id. at 1215.
So let’s look at the facts in this case. The trial information was filed on March 30, 2015. Trial was originally scheduled for June 9. Prior to June 9, a plea offer was made to McNeal. Everything indicated that a plea would be taken that day. After further negotiations, and contrary to the understanding of the parties, McNeal rejected the final plea offer. The parties were now at seventy one days into the ninety day speedy trial period. Trial was reset for June 23, with a final pretrial conference scheduled for June 16. Between June 9 and June 16, the State made contact with its medical witnesses and determined that some of its key expert witnesses would not be available to testify at the time of trial.
In any busy urban county, there are literally dozens of felony cases working their way through the system. When a case is set for a plea proceeding, preparation for trial and contact with witnesses is realistically not going to take place. In this case, as soon as the State was aware that the case would proceed to trial, it took steps to contact its medical experts for trial scheduling. Not surprisingly, scheduling conflicts arose with less than fourteen-days prior'notice of the date of trial. As we would also expect, the State at the final pretrial conference on June 16 immediately advised the district court and defense counsel of the problem scheduling its experts. I find no fault with the State’s preparation for trial, and certainly do not find it should be punished for how it handled the scheduling of its experts. The way the State handled its case is the reality of scheduling conflicts in a busy county, particularly after a late, failed plea proceeding.
What I believe the record reflects is that at the pretrial conference, the State advised the parties that a recess in the presentation of evidence may be necessary to accommodate the schedules of its expert witnesses. The State was ready to proceed to trial and the presentment of testimony of all of its lay witnesses, just not its medical experts. The State did offer that, if the district court would entertain a bifurcation of the trial, it might solve the scheduling problem as well. The district court, after a full discussion with counsel, and consistent with the settled law contained in Jones, decided that it would be best to present all of the evidence at one time rather than piecemeal, and bifurcated the trial. The district court also stated that it did not think the State’s request for a bifurcation was “a ruse or merely a pretext *713 to void Mr. McNeal’s speedy trial rights.” I agree.
On June 26, the district court judge was available and ready to try the case to conclusion. The jury was summoned, empaneled and sworn on June 26. Except for the medical experts, the State and McNeal were ready to proceed to trial. McNeal was brought to trial in compliance with our rule regarding speedy trial. McNeal was also brought to trial consistent with our long-standing precedent, with established federal caselaw, and with established case-law from other jurisdictions. There was no violation of McNeal’s speedy trial rights here as he was brought to trial within ninety days of the indictment.
Waterman, J., joins this special concurrence.