# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 75918-3-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| MICHAEL WILLIAM HUTTON, | ) | |
| | ) | |
| Appellant. | ) | FILED: March 5, 2018 |

2018 MAR -5 AM 8:49 COURT OF APPEALS DIV 1 STATE OF WASHINGTON FILED

TRICKEY, J. — Michael Hutton pleaded guilty to various domestic violence offenses and the aggravating factor of a prolonged pattern of abuse. Hutton stipulated to the facts underlying the aggravating factor. The trial court imposed an exceptional sentence of 120 months of incarceration.

Hutton appeals, arguing that the trial court erred when it applied an incorrect standard of proof to the facts underlying his exceptional sentence and when it found that the victim asked for 120 months of incarceration. Because the trial court did not apply an incorrect standard of proof and the trial court's finding that the victim asked for an exceptional sentence of 120 months to be imposed was supported by the record, we affirm.

## FACTS

The State charged Hutton by amended information with two counts of domestic violence felony violation of a court order, one count of felony stalking, and one count of domestic violence telephone harassment. Hutton's felony

stalking charge included the aggravating factor that the offense was part of a prolonged pattern of abuse.

Hutton pleaded guilty to the charged offenses and the aggravating factor. Hutton acknowledged that he was giving up several constitutional rights, that the maximum sentence for one of his offenses was 10 years in prison and a $20,000 fine, that the trial court could impose a sentence up to the maximum, and that the time could run consecutively because of the aggravating factor. The trial court stated that Hutton had knowingly, voluntarily, and intelligently waived his trial rights and entered a plea of guilty to his charged offenses.

In Hutton's statement on his plea of guilty, Hutton wrote, "My conduct was part of a [sic] ongoing pattern of physical and psychological abuse of the same victim manifested by multiple incidents over a prolonged period of time."[1]

At Hutton's sentencing hearing, the State noted that the trial court had to find the facts underlying the alleged aggravating factor before imposing an exceptional sentence. The State requested an evidentiary hearing because Hutton had pleaded guilty to the aggravating factor but had not stipulated to its underlying facts. The State contended that the trial court would apply a preponderance of the evidence standard at the evidentiary hearing. The trial court granted the State's request for an evidentiary hearing to clarify the State's alleged aggravating factor and the basis for an exceptional sentence.

Following the trial court's statement that it would continue proceedings to allow the evidentiary hearing, Hutton stated that he had no objection to the trial

---

[1] Clerk's Papers (CP) at 25.

court considering the offered evidence. The evidence included the victim's petition in support of her request for a protection order and police reports from Arizona for Hutton's prior offenses. Hutton stated that he was stipulating to those facts, and that he understood that the victim had requested 120 months of incarceration and that he was facing up to 10 years in prison. The State submitted copies of Hutton's prior Arizona convictions to the trial court.

The trial court considered these stipulated facts and concluded that the record contained substantial evidence supporting the imposition of an exceptional sentence based on the aggravating factor alleged by the State. The trial court found that the victim was present at Hutton's sentencing and had asked the trial court to impose an exceptional sentence of 120 months in prison. The trial court rejected Hutton's request for a prison-based drug offender sentencing alternative and imposed an exceptional sentence of 120 months.

Hutton appeals.

## ANALYSIS

### Exceptional Sentence

Hutton argues that his stipulation is invalid because the trial court misinformed him of the applicable standard of proof and applied an incorrect standard of proof when it considered the facts underlying his exceptional sentence. Because the trial court did not apply an erroneous standard of proof and Hutton's stipulation was not otherwise invalid, we disagree.

Generally, "the State must prove to the trier of fact, beyond a reasonable doubt, facts supporting an exceptional sentence." State v. Pillatos, 159 Wn.2d

456, 466, 150 P.3d 1130 (2007) (citing Blakely v. Washington, 542 U.S. 296, 313, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004)).

When determining a sentence other than one above the standard range, the trial court may not consider material facts disputed by the defendant unless an evidentiary hearing is held and the facts are proven by a preponderance of the evidence. RCW 9.94A.530(2). Where the trial court imposes a sentence above the standard range and the defendant waives his or her right to a jury trial, the facts underlying any aggravating factor must be proved "to the court beyond a reasonable doubt, unless the defendant stipulates to the aggravating facts." RCW 9.94A.537(3).

"Due process requires that a defendant's guilty plea be knowing, voluntary, and intelligent." In re Pers. Restraint of Isadore, 151 Wn.2d 294, 297, 88 P.3d 390 (2004) (citing Boykin v. Alabama, 395 U.S. 238, 242, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969)). A guilty plea is not knowing or voluntary if the defendant is given misinformation about the sentencing consequences or is not fully advised of the direct consequences of the guilty plea. In re Pers. Restraint of Fonesca, 132 Wn. App. 464, 468, 132 P.3d 154 (2006); State v. Ross, 129 Wn.2d 279, 284, 916 P.2d 405 (1996).

"The State bears the burden of establishing a valid waiver [of constitutional rights], and absent a record to the contrary, this court indulges in every reasonable presumption against waiver." State v. Cham, 165 Wn. App. 438, 447, 267 P.3d 528 (2011).

Here, at Hutton's sentencing hearing, the State requested an evidentiary hearing, at which the preponderance of the evidence standard would apply, to establish the facts underlying the alleged aggravating factor. The trial court granted the State's request so that the record could be clarified as to the State's request for an exceptional sentence.

Hutton is correct that the standard of proof at the evidentiary hearing for an exceptional sentence should have been proof beyond a reasonable doubt. RCW 9.94A.537(3). But the trial court did not apply this standard of proof to evidence of the facts underlying the aggravating factor. After the trial court's statement that it would grant an evidentiary hearing, Hutton told the trial court that he did not object to it entering the evidence. He acknowledged that he was stipulating to the facts underlying the aggravating factor, and his defense counsel stated that "an evidentiary hearing would not be necessary."[2] Hutton's stipulation to the underlying facts obviated the need for an evidentiary hearing, and thus the trial court did not apply any erroneous standard of proof to admit evidence of those facts.

Moreover, Hutton's stipulation was knowing, voluntary, and intelligent despite the State's statement that the preponderance of the evidence standard would apply at the evidentiary hearing. The trial court did not agree with the State that the preponderance of the evidence standard would apply at the evidentiary hearing. Further, the record does not indicate that Hutton stipulated to the underlying facts in response to the State's argument. Hutton indicated that he did

---

[2] Report of Proceedings (RP) (Sept. 30, 2016) at 45.

not want an evidentiary hearing in part so that he could obtain mental health care while incarcerated and to prevent the victim from going through another interview. Finally, the misstatement of the applicable standard of proof did not concern Hutton's sentence, and thus did not misinform Hutton of the sentencing consequences of his stipulation and guilty plea. Thus, the State's argument that the preponderance of the evidence standard would apply at a future evidentiary hearing did not render Hutton's stipulation invalid.

In sum, Hutton is correct that the facts underlying an exceptional sentence must be proven beyond a reasonable doubt. But the trial court did not apply an erroneous preponderance of the evidence standard in this case because of Hutton's stipulation to the facts underlying the aggravating factor. And Hutton's stipulation was not rendered invalid by the State's argument that the preponderance of the evidence standard of proof would apply at a future evidentiary hearing. We conclude that the trial court did not err and that Hutton's stipulation was valid.

### Victim Statement

Hutton argues that the trial court's finding that the victim asked for a sentence of 120 months of incarceration at Hutton's sentencing hearing was not supported by the record. Because the victim stated in a letter to the trial court that Hutton should be sentenced to the "maximum term allowed by law"[3] and requested

---

[3] CP at 163.

6

at Hutton's sentencing hearing that he should be in jail "for a long time,"[4] we disagree.

An appellate court may reverse an exceptional sentence if "the reasons supplied by the sentencing court are not supported by the record which was before the judge." RCW 9.94A.585(4)(a). The reviewing court analyzes whether the reasons given by the sentencing judge are supported by evidence in the record under a clearly erroneous standard. State v. Law, 154 Wn.2d 85, 93, 110 P.3d 717 (2005) (quoting State v. Ha'mim, 132 Wn.2d 834, 840, 940 P.2d 633 (1997)).

Here, the trial court found that "[t]he victim . . . was present for this sentencing and asked the court to impose an exceptional sentence of 120 months in prison."[5] In a letter to the trial court, the victim asked the trial court "to sentence Michael Hutton for [her] protection and for his own to the maximum term allowed by law."[6] At Hutton's sentencing hearing, the victim stated that "[she] would like to see him go to jail for a long time."[7]

When considered together, the victim's statements to the trial court supported its finding that she requested an exceptional sentence of 120 months in prison. As discussed above, the statutory maximum for Hutton's offenses, including the aggravating factor, was 120 months. The victim requested that the "maximum term allowed by law" be imposed in her letter to the trial court prior to sentencing, and reiterated that Hutton should be incarcerated "for a long time" at his hearing. We conclude that the fact that the victim did not specify the exact

---

[4] RP (Sept. 30, 2016) at 49.
[5] CP at 138.
[6] CP at 163.
[7] RP (Sept. 30, 2016) at 49.

length of time of incarceration does not render the trial court's finding clearly erroneous, and thus the record supports the trial court's finding.

## Statement of Additional Grounds

In a statement of additional grounds for review, Hutton argues that his first public defender did not advise him of communications regarding a plea deal before his case was transferred to another public defender. Hutton also argues that he had multiple public defenders assigned to his case, and that the public defender who represented him at sentencing had only been his counsel for eight days.

"In the plea bargaining context, effective assistance of counsel means that counsel actually and substantially assisted his client in deciding whether to plead guilty." State v. Cameron, 30 Wn. App. 229, 232, 633 P.2d 901 (1981). "Without specific allegations which would, if believed, demonstrate resulting prejudice, the plea is not vitiated nor is a hearing on the plea's voluntariness warranted." Cameron, 30 Wn. App. at 232 (noting that counsel is not ineffective based on alleged infrequency and brevity of meetings with defendant).

Here, Hutton has not demonstrated that his counsel below was ineffective. His allegation that his first public defender did not inform him of discussions regarding a plea agreement prior to transferring his case, taken as true, does not demonstrate that he suffered resultant prejudice. For example, Hutton has not argued that these discussions resulted in a longer sentence or that he would not have otherwise pleaded guilty if the discussions had not occurred.

Similarly, Hutton's contentions that he had at least four different public defenders and that his counsel at sentencing had only been assigned to his case

for eight days do not demonstrate that he received ineffective assistance of counsel. Hutton has not argued that any of the public defenders assigned to his case harmed his plea agreement negotiations or that he would not have pleaded guilty absent their work on his case.

In addition, Hutton has not demonstrated that he was prejudiced by his counsel's performance at his sentencing hearing. In fact, the trial court was willing to continue his case prior to holding an evidentiary hearing to allow his counsel to have sufficient time to respond to the State's request. This continuance was rendered unnecessary when Hutton, against the advice of his counsel, stipulated to the facts underlying the aggravating factor. Thus, the length of time that Hutton's counsel at sentencing represented him was reduced by Hutton's own actions, and Hutton has not otherwise argued that his counsel's performance was ineffective.

Therefore, we conclude that Hutton's arguments in his statement of additional grounds for review do not merit reversing his exceptional sentence.

Affirmed.

Trickey, J

WE CONCUR: